124 A.3d 242

NL INDUSTRIES, INC., PLAINTIFF–RESPONDENT, v. STATE
OF NEW JERSEY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 18, 2015—Decided August 26, 2015.

Before Judges FUENTES, ASHRAFI and KENNEDY.

*David S. Frankel*, Deputy Attorney General, argued the cause for appellant (*John J. Hoffman*, Acting Attorney General, attorney; *Melissa H. Raksa*, Assistant Attorney General, of counsel and on the brief; *Mr. Frankel*, on the brief).

*Christopher R. Gibson* argued the cause for respondent (*Archer & Greiner*, attorneys; *Mr. Gibson*, of counsel and on the brief; *Patrick M. Flynn* and *Erin R. Carroll*, on the brief).

The opinion of the court was delivered by

KENNEDY, J.A.D.

By leave granted, defendant State of New Jersey (State) appeals an order of the Law Division denying its motion to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to *R.* 4:6–2(e).   The State argues that the Law Division erred in rejecting "three separate legal defenses . . . each of which would be dispositive of all counts of the complaint[.]"

We have considered the arguments of the State in light of the facts and the law, and we affirm the order of the motion court substantially for the reasons set forth by Judge Douglas K. Wolfson in his thoughtful and erudite seventeen-page written

opinion which accompanied the order denying the motion. We add only the following by way of context.

NL Industries filed a complaint against the State and other "public polluters" seeking contribution under the Spill Compensation and Control Act (Spill Act), *N.J.S.A.* 58:10–23.11 to –23.24, for the cost to remediate the Laurence Harbor shoreline in Old Bridge Township. The United States Environmental Protection Agency (EPA) issued an order requiring NL Industries to remediate the site, at an estimated cost of $79 million, alleging it produced the lead and other heavy metals contained in slag used by private developer Sea–Land in 1968 to build a seawall as a substitute for the beach fill structure that was previously constructed as part of a Shore Protection Project created by the State and local officials.

NL Industries averred in its complaint that the State owned the land on which the seawall was built, and was actively involved in the planning, approval and construction of the seawall using the "slag." At this point in the litigation, of course, we must accept as true the facts alleged in the complaint. *See Teamsters Local 97 v. State,* 434 *N.J.Super.* 393, 413, 84 *A.*3d 989 (App.Div.2014) ("When we review a trial court's decision to dismiss a complaint under *Rule* 4:6–2(e), we apply the same standard but our review is de novo."); *see also Donato v. Moldow,* 374 *N.J.Super.* 475, 483, 865 *A.*2d 711 (App.Div.2005).

The State argued that the complaint against it must be dismissed because: (1) the Tort Claims Act, *N.J.S.A.* 59:1–1 to 12–3, immunizes the State; (2) the Spill Act does not retroactively abrogate the State's "sovereign immunity[;]" and (3) the complaint fails to state a claim for relief. The latter argument is based upon the State's averment that it is not "in any way responsible" under the Spill Act, *N.J.S.A.* 58:10–23.11g(c)(1), for the condition of the site. Judge Wolfson correctly rejected these arguments and denied the State's motion.

Affirmed.