**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2472-15T3

MICHAEL DANIELE,

    Plaintiff-Appellant,

v.

STATE OF NEW JERSEY, THE
DIVISION OF STATE POLICE
OF THE STATE OF NEW JERSEY,
DIVISION OF LAW AND PUBLIC
SAFETY,

    Defendants-Respondents.

_____

Submitted May 16, 2017 — Decided October 17, 2017

Before Judges Espinosa, Suter, and Grall.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0807-12.

George T. Daggett, attorney for appellant.

Christopher S. Porrino, Attorney General, attorney for respondent (Lisa A. Puglisi, Assistant Attorney General, of counsel; Robert P. Preuss, Deputy Attorney General, on the brief).

    The opinion of the court was delivered by

SUTER, J.A.D.

Plaintiff Michael Daniele appeals the March 28, 2016 order, denying reconsideration of the dismissal, with prejudice, of his complaint filed under the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14. We reverse and remand. The complaint expressly referenced plaintiff's previously successful CEPA action against the same defendant and alleged adverse employment action causally related to the prior complaint. Through reference to the earlier complaint, the new complaint stated a claim under CEPA and should not have been dismissed under Rule 4:6-2(e).

In 2007, plaintiff filed a CEPA complaint (the 2007 complaint) against the State Police and the State of New Jersey (defendants). Plaintiff alleged in that complaint that he alerted his superior officers about dog handlers in the K-9 unit, to which he was assigned, who were being trained by unqualified personnel in violation of certain required guidelines. He was transferred thereafter to the recruiting unit for which he had no experience. The 2007 complaint alleged the transfer and his subsequent lack of promotion violated CEPA. A jury returned a favorable verdict on the 2007 complaint, awarding compensatory damages.

In April 2012, plaintiff filed another CEPA complaint (the 2012 complaint) against the same defendants, seeking damages. Plaintiff alleged he was a member of the State Police and that on

October 12, 2010, he obtained a jury verdict in his favor against the State Police based on a violation of CEPA. The 2012 complaint alleged that because the 2007 complaint was successful, he was not being "appropriately promoted" and was being punished for bringing the 2007 complaint. He alleged defendants' current action in not promoting him was "in itself a CEPA violation."

The case had multiple trial listings and defendants' motion for summary judgment was denied. On September 14, 2015, the case was assigned out for trial. The trial court raised whether the 2012 complaint adequately pled a cause of action under CEPA. The court questioned whether the 2012 complaint's reference to the 2007 complaint, without detailing specific whistle-blowing activity, sufficed to state a claim under CEPA. After discussing the issues, the court adjourned the case until the next day to permit the parties to research whether legal authority supported plaintiff's contention that reference to the 2007 complaint and judgment alone qualified as whistleblowing for which retaliation was impermissible under CEPA. The parties sent the court additional submissions.

The next day, following oral argument, the trial court dismissed plaintiff's 2012 complaint with prejudice under Rule 4:6-2(e) for failure to state a claim upon which relief can be granted. The court found no supporting authority for plaintiff's

claim.  It summarized CEPA as "prohibiting an employer from doing a retaliatory act . . . if the employee discloses or threatens to disclose to a supervisor . . . policies or practices . . . ," "provides information to or testifies before a public body," or "objects or refuses to participate in activities . . . which the employee reasonably believes are in violation of the law."  The court observed that CEPA "talks about whistleblowing."  "The Act does not talk about the filing of a complaint . . . ."  That would be "protected speech under the Constitution."  However, the court stated "we're simply talking about a judgment and the aftermath as perceived by the plaintiff."  The court found no way to amend the complaint, holding there was no "construct that the complaint is sufficient to meet the standard as necessary to give rise and to give a basis for a CEPA action in this court."

Plaintiff's motion for reconsideration was denied in March 2016.  The court concluded the 2012 complaint "simply [did not] pass muster in terms of stating a claim upon which relief could be granted."

On appeal, plaintiff contends the trial court erred by dismissing the 2012 complaint with prejudice because it stated a valid claim under CEPA and under the Petition Clause of the First Amendment, U.S. Const. amend. I (Petition Clause).  He contends that dismissing the 2012 complaint on the trial date constituted

a due process violation. We agree that the 2012 complaint adequately stated a claim for relief under CEPA and should not have been dismissed under Rule 4:6-2(e). We reverse and remand.

We review de novo the challenged order that dismissed plaintiff's complaint for failure to state a claim for which relief can be granted, applying the same legal standard as the trial court. NL Industries, Inc. v. State, 442 N.J. Super. 403, 405 (App. Div. 2015); see also Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div.), certif. denied, 208 N.J. 368 (2011). A motion for failure to state a claim must be denied if, giving plaintiff the benefit of all his allegations and all favorable inferences, a cause of action has been alleged in the complaint. Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 746 (1989). "Ordinarily a dismissal for failure to state a claim is without prejudice." Pressler & Verniero, Current N.J. Court Rules, comment 4.1.1 on R. 4:6-2 (2017).

CEPA is remedial legislation that is to be interpreted liberally. Dzwonar v. McDevitt, 177 N.J. 451, 463 (2003). To establish a prima facie case under CEPA, a plaintiff must prove each of the following:

> (1) he or she reasonably believed that his or her employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy;

(2) he or she performed a "whistle-blowing" activity described in N.J.S.A. 34:19-3(c);

(3) an adverse employment action was taken against him or her; and

(4) a causal connection exists between the whistle-blowing activity and the adverse employment action.

[Lippman v. Ethicon, Inc., 222 N.J. 362, 380 (2015) (citing Dzwonar, supra, 177 N.J. at 462).]

"[W]histleblowing activity is protected from employer retaliation." Id. at 378. CEPA prohibits employers from taking "any retaliatory action" against an employee who:

a. Discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer, or another employer, with whom there is a business relationship, that the employee reasonably believes:

(1) is in violation of a law, or a rule or regulation promulgated pursuant to law . . . ; or

(2) is fraudulent or criminal . . . ;

b. Provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any violation of law, or a rule or regulation promulgated pursuant to law by the employer . . . ; or

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes:

> (1) is in violation of a law, or a rule or regulation promulgated pursuant to law . . . ;
>
> (2) is fraudulent or criminal . . . ; or
>
> (3) is incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protection of the environment.
>
> [N.J.S.A. 34:19-3.]

Our decision here is narrowly focused. Plaintiff successfully litigated the 2007 CEPA complaint against the same defendants. With respect to the required prima facie case, he proved that his employer's conduct violated "a law, rule or regulation" and that he performed a whistleblowing activity. We see no prohibition under CEPA why that earlier established claim could not satisfy a portion of the prima facie requirements under CEPA for the 2012 complaint. Plaintiff contended in the 2012 complaint that further retaliation against him was due to the earlier 2007 complaint. Reliance on the 2007 complaint was simply a shorthand reference, in our view, to the allegations in the 2007 complaint. If the 2012 complaint did not have adequate detail, the court could have allowed plaintiff to amend the pleadings rather than dismiss it with prejudice.

We find support for this conclusion in the liberal construction that we are to give to CEPA. See Lippman, supra, 222

N.J. at 378 (finding that because CEPA "is considered remedial legislation [it is] entitled to liberal construction"). The 2012 complaint involves the same parties. The CEPA claim is based on the same established whistleblowing activity. Because plaintiff established through a jury verdict that he was a whistleblower under CEPA and now alleged further retaliation based on the same whistleblowing activity, we see no reason to dismiss the 2012 complaint under N.J.S.A. 4:6-2(e) for failure to state a claim.

That said, we make no prediction about the overall success of plaintiff's claim. We simply hold on these facts, where the prior CEPA claim was established by a jury verdict, that reference in the 2012 complaint to causally related retaliation based on the 2007 complaint, was adequate to survive dismissal under Rule 4:6-2(e).

In light of our decision to remand the complaint, we have no need to address whether the case presented a viable Petition Clause claim. In addition, although we have serious reservations about the procedure utilized by the trial court in dismissing the action with prejudice on the eve of trial, see Klier v. Sordoni Skanska Const. Co., 337 N.J. Super. 76, 83 (App. Div. 2001), we have no need to address the constitutional infirmity in light of our decision to reverse and remand on other grounds. See Randolph Town Ctr., L.P. v. County of Morris, 186 N.J. 78, 80 (2006)

(stating that "[c]ourts should not reach a constitutional question unless its resolution is imperative to the disposition of the litigation.").

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION