817 A.2d 979

IN THE MATTER OF THE COMMITMENT OF G.D.

Superior Court of New Jersey
Appellate Division

Argued January 15, 2003—Decided March 17, 2003.

Before Judges KING, WEFING [1] and LISA.

*Joan D. Van Pelt,* Assistant Deputy Public Defender, argued the cause for appellant (*Yvonne Smith Segars,* Public Defender, attorney; *Ms. Van Pelt,* of counsel and on the brief).

*Mary Beth Wood,* Deputy Attorney General, argued the cause for respondent (*Peter J. Harvey,* Acting Attorney General, attorney; *Michael Haas,* Assistant Attorney General, of counsel; *Ms. Wood,* on the brief).

The opinion of the court was delivered by

LISA, J.A.D.

G.D. appeals from a judgment committing him to the Special Treatment Unit (STU), a secure facility for custody, care and treatment for sexually violent predators, pursuant to the Sexually Violent Predator Act (SVPA), *N.J.S.A.* 30:4–27.24 to –27.38. The sole basis of G.D.'s appeal is that the trial judge committed reversible error when she refused to bar the State from introducing into evidence its experts' reports and allowing the experts to testify in light of the late production of the reports. We affirm.

G.D. is sixty-two years old. He has a long history of sexual offenses dating to his teenage years. His most recent conviction derives from a plea to second-degree sexual assault, for which he was sentenced on July 1, 1994 to eight-years imprisonment with a five-year parole disqualifier. Because G.D. was found to be repetitive and compulsive in his sexual behavior, he was ordered to serve his sentence at the Adult Diagnostic and Treatment Center at Avenel. *N.J.S.A.* 2C:47–3. Upon release from Avenel on March 1, 1999, G.D. agreed to a voluntary civil commitment at the Anne Klein Forensic Center. On June 8, 1999, he was transferred to Trenton Psychiatric Hospital.

---

[1] Judge Wefing did not participate in oral argument. However, with the consent of counsel she has joined in this opinion. *R.* 2:13–2(b).

On July 18, 2000, the Attorney General filed a petition seeking G.D.'s involuntary commitment under the SVPA. G.D. submitted opposition to the petition, challenging whether probable cause existed for his commitment under SVPA requirements. Judge Delehey, after considering the moving and opposing papers, found probable cause and ordered G.D. committed under the SVPA. G.D. sought leave to appeal, which we granted. *R.* 2:2–3(b). G.D. sought and was granted a stay of a plenary hearing or any further SVPA proceedings pending the outcome of his appeal.

We heard argument on June 6, 2001 and issued our opinion on June 25, 2001, affirming Judge Delehey's probable cause determination. Anticipating completion of the appeal, a case management conference was held in the trial court on June 8, 2001, and a commitment hearing was tentatively scheduled for July 19, 2001. The appellate decision having been rendered, Judge Perretti, who is specially assigned to hear SVPA cases, convened the hearing on the scheduled date.

The State proffered two experts, Dr. Michael R. McAllister, a psychiatrist, and Dr. Robert Carlson, a psychologist. Both were present in court and prepared to testify. G.D.'s attorney received Dr. McAllister's report at 3:15 p.m. the day before the hearing and Dr. Carlson's report at 5:05 p.m. the day before the hearing. Counsel was at the STU when presented with the reports and did review them with G.D. Indeed, Dr. Carlson personally handed counsel his report before it was furnished to the Deputy Attorney General.

G.D.'s counsel complains, however, that receipt of the reports at the proverbial eleventh hour did not permit her ample time to study them and to consult with her expert to prepare adequately for cross-examination. Counsel argued to Judge Perretti that, at least by analogy if not by actual applicability, the discovery rule for general civil commitment proceedings should apply. Under *Rule* 4:74–7(e), experts' reports must be furnished to the court and all counsel "no later than one business day prior to the hearing." Counsel urged an interpretation of this rule that would afford a

party one full business day to prepare for a hearing, meaning the report would have to be in hand by the close of business two days before the hearing. We do not pass upon that proposed interpretation. Another reasonable interpretation would require the report to be in hand by the time scheduled for the hearing on the business day preceding the hearing.

Under any interpretation, we agree that G.D.'s counsel did not receive the reports in a timely fashion, which had the capacity to put her at a disadvantage. The Deputy Attorney General agreed, as did Judge Perretti. The judge offered, without objection from the State, to adjourn the hearing for one day to afford counsel the additional time she requested to prepare. Counsel rejected this offer and persisted in her motion to bar admission of the experts' reports or testimony, and to compel the hearing to go forward, leaving the State to its proofs.

Counsel argued that the State would not be fatally prejudiced by this relief because it could utilize the reports and testimony of two different doctors who had evaluated G.D. the previous October and written reports which had been previously furnished in discovery. On the other hand, adjourning the trial for one day would cause one day of irreparable harm to G.D. If ultimately determined he should not be committed under the SVPA, that harm would consist of an improper loss of one day of liberty. If ultimately determined he should be committed under the SVPA, he would have wrongfully have been deprived of one day of treatment.

Judge Perretti denied G.D.'s motion, finding the remedy requested "altogether out of proportion to the disadvantage, if any, to [G.D.]." The suggestion that the Deputy Attorney General could use the evaluators from the previous October was unrealistic for two reasons: They were not present and available to testify; they had not examined G.D. within five days of the hearing as required by *N.J.S.A.* 30:4–27.31b. Thus it is plain that granting G.D.'s requested relief would have been tantamount to a dismissal with prejudice.

The unreasonableness of G.D.'s position is further supported by other circumstances. The hearing was adjourned for about one year at G.D.'s request. The hearing was expeditiously scheduled for a date only twenty-four days after expiration of G.D.'s requested stay, when we issued our opinion affirming the probable cause determination. This closely approximates the twenty-day SVPA scheduling provision. *N.J.S.A.* 30:4–27.29a. The psychiatric expert proffered by G.D., Dr. Gerald Groves, opined in his report that G.D. suffers from dysthymic disorder and pedophilia, non-exclusive type, and is in need of continued confinement with continued sex offender specific treatment, although in Dr. Groves' opinion he does not meet SVPA criteria and need not be confined in a secure facility. G.D.'s confinement to date was supported by a judicial probable cause determination.

After Judge Perretti denied G.D.'s motion and was ready to proceed with the hearing, and G.D.'s counsel declined the opportunity for a one-day adjournment, G.D. stipulated that the State's proofs clearly and convincingly established that G.D. is a sexually violent predator in need of civil commitment. The reports of Drs. McAllister, Carlson and Groves were then admitted into evidence without objection. The order of commitment was entered.

We review the denial of G.D.'s motion to bar the State's experts on an abuse of discretion standard. *Thomas v. Toys "R" Us, Inc.*, 282 *N.J.Super.* 569, 581, 660 *A.*2d 1236 (App.Div.), *certif. denied*, 142 *N.J.* 574, 667 *A.*2d 191 (1995). Not every discovery violation results in exclusion of testimony. *Ibid.* Sanctions for a discovery violation must be just and reasonable. *Ratner v. General Motors Corp.*, 241 *N.J.Super.* 197, 202–03, 574 *A.*2d 541 (App. Div.1990). Whether to impose the ultimate sanction of exclusion is guided by whether there was (1) a design to mislead, (2) surprise, and (3) prejudice if the evidence is admitted. *Id.* at 202, 574 *A.*2d 541 (citing *Westphal v. Guarino*, 163 *N.J.Super.* 139, 145–146, 394 *A.*2d 377 (App.Div.), *aff'd o.b.*, 78 *N.J.* 308, 394 *A.*2d 354 (1978)). None of these circumstances were present here. The proffered evidence was consistent with that previously furnished. G.D. was

neither misled nor surprised. The lateness was not occasioned by any effort to gain a strategic advantage. One additional day in confinement, which G.D.'s expert believed was necessary, was a minor inconvenience in this context. There was no demonstrable prejudice.

■ A trial court's decision whether or not to exclude evidence will not be disturbed unless it is so wide of the mark that a manifest denial of justice resulted. *Ratner v. General Motors Corp., supra,* 241 *N.J.Super.* at 202, 574 *A.2d* 541. Judge Perretti's decision was clearly a reasonable and proper exercise of discretion, and we will not disturb it.

G.D.'s counsel is seasoned in handling SVPA cases. She relates that the late report submission in G.D.'s case is not an isolated incident, but is typical and is a systemic problem. The Deputy Attorney General, also highly experienced in SVPA matters, acknowledged at oral argument that late submissions were common in the past due to short staffing, but the situation has improved significantly. Judge Perretti expressed her frustration at frequently having her SVPA calendar "fall apart" because of adjournments necessitated by late reports.

G.D.'s counsel asks that we impose some form of discovery rule to alleviate the situation. She urges at the very least that we determine that *Rule* 4:74–7(e) is applicable to SVPA proceedings. We decline to do so because the rule predates the SVPA and by its terms it applies to civil commitments generally, incorporating the definitions in *N.J.S.A.* 30:4–27.2. *R.* 4:74–7(a). Counsel further argues that a discovery rule requiring complete discovery, including expert reports, ten days before the initial hearing and fourteen days before the annual review hearing, should be adopted.

It is suggested that the evaluation within five days of the hearing is not necessary in SVPA cases because, unlike general civil commitment cases, the potential committee is not suffering from an acute psychiatric condition which is readily subject to change. Thus the five-day requirement should be waivable by the

proposed committee (if it cannot be legislatively modified) and a discovery rule adopted to "work around it" and get reports out earlier in the process. Counsel argues that this would benefit all parties and the court.

These considerations and proposals are more appropriately the subject of evaluation by the Civil Practice Committee. If late reports continue as a common problem, and if counsel continues to perceive a need for specific SVPA discovery rules, counsel should request consideration of the issue by the Committee.

Affirmed.