SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.

**In the Matter of the Civil Commitment of P.D. (A-94-18) (083027)**

**Argued January 7, 2020 -- Decided August 11, 2020**

**PATTERSON, J., writing for the Court.**

In this appeal, the Court considers whether the State must provide discovery to a person facing civil commitment under the New Jersey Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38.

In August 2017, the State filed a petition to civilly commit P.D., relying on P.D.'s conviction for an offense that qualified as a "sexually violent offense" as defined in N.J.S.A. 30:4-27.26, and other offenses. The State submitted two clinical certificates from psychiatrists who opined that P.D. suffered from a mental abnormality or personality disorder that made him "likely to engage in acts of sexual violence if not confined to a secure facility for control, care and treatment." The trial court entered an order temporarily civilly committing P.D. to the Special Treatment Unit. P.D. waived his right under the SVPA to a court hearing within twenty days of the court's temporary commitment order.

Relying on Rule 4:10-1, which enumerates the discovery devices available in civil cases, and Rules 4:17 and 4:18, the general civil court rules governing interrogatories and requests for discovery and inspection of documents, P.D.'s counsel propounded interrogatories to the State. The State, which had provided documents to P.D. in accordance with its standard practice in SVPA proceedings, declined to answer the interrogatories or produce documents in response to P.D.'s request.

P.D. filed a motion to compel discovery, which the trial court denied. The court found no support for P.D.'s contention that a person facing an SVPA commitment hearing may seek discovery under the general civil discovery rule, Rule 4:10-1, or other rules governing civil cases. The Appellate Division denied P.D.'s motion for leave to appeal the trial court's decision.

The Court granted leave to appeal. 238 N.J. 503 (2019).

**HELD:** A person facing a civil commitment hearing under the SVPA may not take discovery under Rule 4:10-1, Rule 4:17-1, or Rule 4:18-1. The discovery permitted by

those rules is not authorized by the SVPA and cannot be accomplished on the expedited schedule that the statute prescribes. However, based on the terms of the SVPA, a person subject to an SVPA civil commitment hearing is entitled to limited discovery focused on the elements of the State's burden of proof. The Court therefore adopts a new court rule in which it enumerates the categories of documents subject to discovery in an SVPA proceeding and sets forth the requirements for the reports of the State's experts.

1. The SVPA imposes on the State the burden to prove three elements by clear and convincing evidence: (1) that the individual has been convicted of a sexually violent offense; (2) that he suffers from a mental abnormality or personality disorder; and (3) that as a result of his psychiatric abnormality or disorder, it is highly likely that the individual will not control his or her sexually violent behavior and will reoffend. The State's expert testimony and the risk assessment instruments on which the experts rely comprise the core of the State's proofs in a typical SVPA civil commitment hearing and are often the pivotal proofs on the question whether the individual is highly likely to offend again. (pp. 10-17)

2. As N.J.S.A. 30:4-27.29 and -27.30 make clear, the Legislature intended that our courts conduct SVPA civil commitment hearings expeditiously. The parties to an SVPA commitment hearing cannot proceed under Rule 4:10-1, Rule 4:17-1, and Rule 4:18-1, let alone use the other forms of discovery allowed under the civil rules, without delaying the hearing for months or even years. Accordingly, P.D. is not entitled to discovery under the civil discovery rules. The Court concurs with P.D. that Rule 4:74-7 does not govern civil commitment proceedings under the SVPA. The limited discovery available under Rule 4:74-7 is focused on the terms of the general civil commitment statute, not that of the SVPA, and the Rule was not amended after the SVPA was enacted to apply to that statute. (pp. 18-20)

3. Although a person facing an SVPA civil commitment hearing may not obtain discovery pursuant to the civil discovery rules, the Court considers limited and expeditious sharing of information by the State to be essential to the person's meaningful exercise of the "right to present evidence" and "right to cross-examine witnesses" in defense of the State's application for civil commitment, as guaranteed by N.J.S.A. 30:4-27.31(c) and (d). The Court views the State's pre-hearing discovery obligation to consist of the exchange of two categories of information: (1) the production of documents in its possession, custody or control relating to the history and treatment of the person whose civil commitment is at issue; and (2) the service of expert reports that fully disclose the basis for the expert's opinion regarding the person's mental abnormality or personality disorder and the likelihood that the person will reoffend. (pp. 20-21)

4. The State represented that shortly after it initiates a proceeding for civil commitment pursuant to the SVPA, it immediately produces all documents in its possession relating to the person's criminal history, incarceration, treatment, and the basis for civil

2

commitment. In combination with disclosures concerning the State's experts, those enumerated categories of documents enable a person facing an SVPA commitment hearing to present evidence and counter the State's proofs. Those documents go to the heart of the State's burden of proof by clear and convincing evidence. (pp. 21-22)

5. The State's experts' reports should fully disclose the substance and foundation of the expert's opinion in advance of the hearing, and, in combination with the expert's CV, should set forth the expert's qualifications to render the opinion. The report should contain a complete statement of the expert's opinion regarding the need for civil commitment, and the basis for that opinion. The expert should state any diagnosis relevant to the opinion and explain the basis for each diagnosis. If the expert has utilized a risk assessment instrument that has been deemed reliable and admissible in a decision by this Court or the Appellate Division, the report need not generally establish the reliability of that risk assessment instrument. However, the expert must identify any risk assessment instrument used in the evaluation, address any relevant static and dynamic factors, and summarize any findings with respect to the likelihood that the person will reoffend. An individual subject to civil commitment who contends that the State's expert report is deficient may challenge that report under the net opinion rule or other relevant grounds. (pp. 22-23)

6. In a given case, discovery other than the discovery described above must be sought in a motion filed with the trial court on notice to the State, on a showing of exceptional circumstances. The court, in its discretion, may enter an order granting or denying the person's application to take such additional discovery. (pp. 23-24)

7. The Court exercises its rulemaking authority to promulgate a rule limited to pre-hearing discovery by the individual subject to civil commitment under the SVPA as discussed above, effective thirty days after the date of this decision. (pp. 24-26)

**The trial court's decision is AFFIRMED, and the matter is REMANDED to the trial court.**

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in JUSTICE PATTERSON's opinion.**

3

# SUPREME COURT OF NEW JERSEY
## A-94 September Term 2018
### 083027

In the Matter of the Civil Commitment
of P.D.

On appeal from the Superior Court,
Appellate Division.

| Argued | Decided |
|--------|---------|
| January 7, 2020 | August 11, 2020 |

Susan Remis Silver, Assistant Deputy Public Defender, argued the cause on behalf of appellant P.D. (Joseph E. Krakora, Public Defender, attorney; Susan Remis Silver, on the briefs).

Stephen Slocum, Deputy Attorney General, argued the cause on behalf of respondent State of New Jersey (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel, and Stephen Slocum, on the briefs).

Karen Thompson argued the cause on behalf of amicus curiae American Civil Liberties Union of New Jersey (American Civil Liberties Union of New Jersey Foundation, attorneys; Karen Thompson, Alexander Shalom, and Jeanne LoCicero, on the brief).

JUSTICE PATTERSON delivered the opinion of the Court.

In this appeal, the Court considers whether the State must provide discovery to a person facing civil commitment under the New Jersey Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38.

Appellant P.D., whom the State seeks to civilly commit under the SVPA, served interrogatories on the State and requested documents in accordance with Rule 4:10-1, Rule 4:17-1, and Rule 4:18-1 -- court rules that govern discovery in civil proceedings generally. The State, which had provided documents to P.D. in accordance with its standard practice in SVPA proceedings, declined to answer the interrogatories or produce documents in response to P.D.'s request. P.D. filed a motion to compel discovery. The trial judge denied the motion, and the Appellate Division denied P.D.'s motion for leave to appeal.

We granted leave to appeal and affirm the trial judge's determination. We agree with the trial judge that a person facing a civil commitment hearing under the SVPA may not take discovery under Rule 4:10-1, Rule 4:17-1, or Rule 4:18-1. The discovery permitted by those rules is not authorized by the SVPA and cannot be accomplished on the expedited schedule that the statute prescribes.

We hold, however, that based on the terms of the SVPA, a person subject to an SVPA civil commitment hearing is entitled to limited discovery

2

focused on the elements of the State's burden of proof. We therefore adopt a new court rule in which we enumerate the categories of documents subject to discovery in an SVPA proceeding and set forth the requirements for the reports of the State's experts.

## I.

## A.

## 1.

On August 18, 2017, pursuant to N.J.S.A. 30:4-27.28(c), the State filed a petition to civilly commit P.D., a forty-eight-year-old inmate at Northern State Prison.

In its petition, the State relied on P.D.'s conviction for an offense that qualified as a "sexually violent offense" as defined in N.J.S.A. 30:4-27.26: P.D.'s 2009 conviction for second-degree sexual assault by force or coercion with no serious injury, contrary to N.J.S.A. 2C:14-2(c)(1), in which the victim was the fifteen-year-old daughter of P.D.'s girlfriend. The State also relied on P.D.'s 2005 conviction for third-degree endangering the welfare of a child, contrary to N.J.S.A. 2C:24-4, in which the victim was P.D.'s fourteen-year-old daughter; a 1993 charge of aggravated sexual assault with a weapon, contrary to N.J.S.A. 2C:14-2(a)(4), that was dismissed as part of a plea agreement; and two non-sexual offenses.

3

Pursuant to N.J.S.A. 30:4-27.28(c), the State submitted two clinical certificates, each prepared by a psychiatrist who had evaluated P.D. Both psychiatrists opined that P.D. suffered from a mental abnormality or personality disorder that made him "likely to engage in acts of sexual violence if not confined to a secure facility for control, care and treatment."

On August 28, 2017, the trial court entered an order temporarily civilly committing P.D. to the Special Treatment Unit (STU). The court appointed the Office of the Public Defender to represent P.D. and ordered that

> the Public Defender shall have the right to inspect and copy all records relating to [P.D.'s] criminal history, psychiatric history, care and treatment, and mental abnormality including the full clinical record from the agency with jurisdiction, the short-term care facility, special psychiatric hospital, psychiatric facility, or institution where the individual was confined and the State of New Jersey Special Treatment Unit, on notice to the Office of the Attorney General and the facility from which the records are sought . . . .

The court scheduled a final hearing on "the issue of the continuing need for [P.D.'s] involuntary commitment as a sexually violent predator" for September 18, 2017.

2.

Following his temporary civil commitment, P.D. "knowingly and voluntarily" waived his right under the SVPA to a court hearing within twenty

4

days of the court's temporary commitment order and consented to a hearing date beyond the twenty-day period. According to P.D.'s counsel's certification, P.D. and his counsel decided to submit interrogatories to prepare for depositions "as to [the State's experts'] reasons for concluding that P.D. required commitment under the SVPA."

Relying on Rule 4:10-1, which enumerates the discovery devices available in civil cases, and Rules 4:17 and 4:18, the general civil court rules governing interrogatories and requests for discovery and inspection of documents, P.D.'s counsel propounded interrogatories to the State. The interrogatories sought (1) identification of the State's fact and expert witnesses; (2) a summary of the facts to which any fact witness for the State would testify; (3) information about the State's expert witnesses, including a detailed description of each expert's qualifications, a list and copies of all the expert's publications, a summary of "the substance and conclusions as to which" each expert was expected to testify and "the bases for each such conclusion and opinion," identification of all documents relied on by each expert in forming the opinion, and copies of any reports or documents prepared by or on behalf of each such expert "for this suit"; (4) copies of "all materials given to employees and consultants for the State for the purpose of conducting forensic evaluations," including but not limited to manuals, policies and

5

procedures and training materials for conducting evaluations; (5) disclosure of "any process of review either formal or informal that occurs after the evaluator has completed his or her report but before the report is released," including five enumerated categories of information on such a review process; (6) information about each expert's risk assessment methods, including the source of the method, any testing of the method, copies of all studies in which the method was tested, the peer-review status of any such study, the known rate of error for the method and how the error rate was derived, and, if the method involves discretion by the expert, any standards that guide or control the exercise of that discretion; (7) identification by initials of "all residents . . . who have been released from the [STU] since its inception in 1999 to the community," with each resident's date of temporary commitment, civil commitment and discharge, details about the discharge of each resident, information about each resident's treatment at the STU, and information as to whether the State consented to a court order ordering discharge planning for that resident; (8) for each resident released from the STU since 1999, identification of the State's experts who produced reports for the court hearings at which the individual was discharged and two preceding hearings, and a statement of each expert's conclusion on risk and the individual's phase of treatment at the time of each expert's report; and (9) identification by

6

initials of any resident released from the STU since 1999 who was returned to the STU, with detailed information as to the reasons for any such resident's return.

The State advised P.D. that it did not intend to answer his interrogatories.

B.

1.

P.D. filed a motion to compel discovery, arguing that Rule 4:10-1 applies in civil commitment proceedings under the SVPA, and that he was entitled to propound interrogatories and seek other forms of discovery pursuant to that rule. The State opposed the motion, arguing that -- consistent with the expedited schedule for SVPA commitment hearings -- it has provided specific categories of documents, not general responses to discovery, during the twenty years in which the SVPA has been in effect.

The trial court denied P.D.'s motion to compel discovery. It observed that when the Legislature enumerated the rights of persons subject to involuntary commitment under the SVPA, see N.J.S.A. 30:4-27.31, it did not include a right to pre-hearing discovery. The trial court noted that counsel for individuals subject to SVPA commitment routinely conduct effective cross-examination of the State's experts without the benefit of broad discovery.

7

The trial court stated that Rule 4:74-7(d) strictly limits the right to discovery in civil commitment proceedings pursuant to N.J.S.A. 30:4-27.1 to -27.11, and that those proceedings, like civil commitment under the SVPA, must be conducted on an expedited basis. It found no support for P.D.'s contention that a person facing an SVPA commitment hearing may seek discovery under the general civil discovery rule, Rule 4:10-1, or other rules governing civil cases. Finally, the trial court addressed the particularly onerous burden that would be imposed if the State were compelled to respond to P.D.'s inquiries about SVPA commitment proceedings other than his own.

### 2.

P.D. moved for leave to appeal the trial court's decision. The Appellate Division denied his motion.

### 3.

P.D. filed a motion for leave to appeal before this Court. We granted leave to appeal, 238 N.J. 503 (2019), and granted the application of the American Civil Liberties Union of New Jersey (ACLU) to participate as amicus curiae.

II.

A.

P.D. contends that persons subject to SVPA commitment proceedings have the same right as other civil litigants to invoke the general civil discovery rules. He asserts that Rule 4:74-7 applies only to general civil commitment hearings under N.J.S.A. 30:4-27.12, not to SVPA commitment hearings, and that Rules 4:10-1 and -2 thus govern SVPA commitment hearings. P.D. argues that he is entitled to explore the bases for the State's experts' opinions by serving interrogatories and requesting documents. P.D. contends that he has a particularly pressing need for the discovery because he faces his initial civil commitment hearing, not an annual review hearing, and he must understand why the State seeks commitment in order to have a realistic chance of defeating the State's application.

B.

The State counters that no right to take discovery in accordance with the civil discovery rules has been recognized in the thousands of initial and annual review commitment hearings conducted pursuant to the SVPA over more than two decades. At oral argument, counsel for the State explained that as soon as a petition for civil commitment under the SVPA is filed, the State immediately provides the subject of that petition and counsel all documents relating to the

person's criminal history, the person's incarceration, any treatment provided to the person, and the basis for the State's application for the person's civil commitment. The State also represents that promptly after an expert for the State completes the expert report, the State discloses to the person and counsel that report and the expert's curriculum vitae (CV). The State argues that it thus expeditiously affords all persons facing civil commitment hearings the materials relevant to the issues to be determined in those hearings.

## C.

Amicus curiae ACLU argues that the State's interest in protecting the public from sexually violent predators does not outweigh the due process interests of a person facing civil commitment and contends that P.D. has a constitutional right to full discovery under Rule 4:10-1. It notes that although the Legislature did not prescribe a right to discovery when it enacted the SVPA, it did not prohibit discovery. The ACLU reasons that because the SVPA affords to persons subject to commitment the right to present evidence, it must afford them the right to collect evidence through discovery.

## III.

## A.

The trial court's decision denying the discovery sought by P.D. was premised on its interpretation of the SVPA. We review that legal

10

determination de novo.  In re Civil Commitment of D.Y., 218 N.J. 359, 373 (2014); Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

B.

When it enacted the SVPA in 1998, the Legislature recognized that the existing statutory scheme for civil commitment was inadequate to address the commitment of sexually violent predators.  D.Y., 218 N.J. at 380 (citing N.J.S.A. 30:4-27.25(b)).  It found that "[t]he nature of the mental condition from which a sexually violent predator may suffer may not always lend itself to characterization under the existing statutory standard, although civil commitment may nonetheless be warranted due to the danger the person may pose to others as a result of the mental condition."  N.J.S.A. 30:4-27.25(b).  The Legislature found it "necessary to modify the involuntary civil commitment process in recognition of the need for commitment of those sexually violent predators who pose a danger to others should they be returned to society."  N.J.S.A. 30:4-27.25(c).

The Legislature prescribed a streamlined process for SVPA civil commitment.  Under the SVPA provision that the State invoked in this case, the Attorney General may seek the civil commitment of an inmate "scheduled for release upon expiration of a maximum term of incarceration by submission

11

to the court of two clinical certificates for a sexually violent predator, at least one of which is prepared by a psychiatrist." N.J.S.A. 30:4-27.28(c). "[T]he court shall immediately review" the documents submitted "in order to determine whether there is probable cause to believe that the person is a sexually violent predator." N.J.S.A. 30:4-27.28(f). If, as in this matter, the court finds "probable cause to believe that the person is a sexually violent predator in need of involuntary commitment," it must set a date for a final hearing and temporarily commit the person at issue to a "secure facility designated for the custody, care and treatment of sexually violent predators pending the final hearing." N.J.S.A. 30:4-27.28(g).

When a court enters an order of temporary commitment under N.J.S.A. 30:4-27.28, it schedules "a court hearing with respect to the issue of continuing need for involuntary commitment as a sexually violent predator within 20 days from the date of the temporary commitment order." N.J.S.A. 30:4-27.29(a). The SVPA requires the State to provide notice of that hearing to the person subject to civil commitment, "the person's guardian if any, the person's next-of-kin, the person's attorney, the agency with jurisdiction having custody of the person and any other individual specified by the court." N.J.S.A. 30:4-27.30(a). The witnesses at the hearing must include "[a] psychiatrist on the person's treatment team who has conducted a personal

12

examination of the person" no more than five days before the hearing; that psychiatrist "shall testify at the hearing to the clinical basis for the need for involuntary commitment as a sexually violent predator."  N.J.S.A. 30:4-27.30(b).  "Other members of the person's treatment team and any other witness with relevant information . . . shall also be permitted to testify at the hearing."  Ibid.

A person committed under the SVPA "shall be afforded an annual court review hearing of the need for involuntary commitment as a sexually violent predator."  N.J.S.A. 30:4-27.35.  The annual review hearing, like the initial hearing, is conducted in accordance with N.J.S.A. 30:4-27.30.  Ibid.

N.J.S.A. 30:4-27.31 confers on a person subject to involuntary commitment as a sexually violent predator the following rights at the court hearing:

> a. The right to be represented by counsel or, if indigent, by appointed counsel;
>
> b. The right to be present at the court hearing unless the court determines that because of the person's conduct at the court hearing the proceeding cannot reasonably continue while the person is present;
>
> c. The right to present evidence;
>
> d. The right to cross-examine witnesses; and
>
> e. The right to a hearing in camera.
>
> [N.J.S.A. 30:4-27.31(a) to (e).]

13

At the hearing, the court must determine whether the person at issue is a "sexually violent predator" for purposes of the SVPA. The Legislature defined the term "sexually violent predator" to denote

> a person who has been convicted, adjudicated delinquent or found not guilty by reason of insanity for commission of a sexually violent offense, or has been charged with a sexually violent offense but found to be incompetent to stand trial, and suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment.
>
> [N.J.S.A. 30:4-27.26.]

The Legislature defined the phrase "[l]ikely to engage in acts of sexual violence" to mean that "the propensity of a person to commit acts of sexual violence is of such a degree as to pose a threat to the health and safety of others." Ibid.

Addressing a due process challenge to the SVPA, we held that a person subject to an SVPA civil commitment proceeding may be considered to "pose a threat to the health and safety of others," as that phrase appears in the SVPA, "if he or she were found, by clear and convincing evidence, to have serious difficulty in controlling his or her harmful behavior such that it is highly likely that the individual will not control his or her sexually violent behavior and will

14

reoffend." In re Commitment of W.Z., 173 N.J. 109, 130 (2002) (emphasis added).

Thus construed, the SVPA imposes on the State the burden to prove three elements by clear and convincing evidence:

> (1) that the individual has been convicted of a sexually violent offense; (2) that he suffers from a mental abnormality or personality disorder; and (3) that as a result of his psychiatric abnormality or disorder, "it is highly likely that the individual will not control his or her sexually violent behavior and will reoffend."
>
> [In re Civil Commitment of R.F., 217 N.J. 152, 173 (2014) (citations omitted) (quoting W.Z., 173 N.J. at 130).]

To meet its burden under the SVPA, the State typically presents the testimony of experts who opine on the likelihood that the person subject to civil commitment will reoffend. Those experts routinely rely on actuarial assessment instruments, "developed to assess a sex offender's risk of reoffense by comparing him or her to the risk characteristics of groups of other sex offenders monitored for recidivism." W.Z., 173 N.J. at 133. Those assessment instruments "mainly measure static factors," which "are historical facts about the offender which do not change." In re Commitment of R.S., 339 N.J. Super. 507, 517 (App. Div. 2001), aff'd 173 N.J. 134, 137 (2002). In contrast, dynamic factors are "elements which can be modified over time." In re

15

Commitment of J.P., 339 N.J. Super. 443, 451 (App. Div. 2001). As the Appellate Division commented in a decision regarding the Attorney General's sex-offender classification guidelines for tiering under Megan's Law, N.J.S.A. 2C:7-1 to -23, the Registrant Risk Assessment Scale (RRAS), "[u]nlike the immutable static factors, nature and seriousness of the offense, the dynamic categories relate to the characteristics of the offender and community support and are evidenced by current conditions as found at the time the registrant's risk to re-offend is assessed." In re H.M., 343 N.J. Super. 219, 223 (App. Div. 2001).

Applying the reliability standard of Frye v. United States, 293 F. 1013, 1014 (D.C. Cir. 1923), we found certain actuarial risk assessment instruments "admissible in evidence in a civil commitment proceeding under the SVPA when such tools are used in the formation of the basis for a testifying expert's opinion concerning the future dangerousness of a sex offender." In re Commitment of R.S., 173 N.J. 134, 137 (2002); see also W.Z., 173 N.J. at 133 (observing that the Court's holding in R.S. "requires that we reject W.Z.'s contentions concerning the unreliability of those actuarial instruments"); In re Civil Commitment of A.Y., 458 N.J. Super. 147, 172 (App. Div. 2019) (noting the admissibility of actuarial risk assessment instruments under the Court's decisions in R.S. and W.Z); see also In re Registrant J.M., 167 N.J. 490, 499-

16

507 (2001) (rejecting challenge to weighting of static factors more heavily than dynamic factors in RRAS under Megan's Law).

The State's expert testimony and the risk assessment instruments on which the experts rely comprise the core of the State's proofs in a typical SVPA civil commitment hearing. See, e.g., In re Civil Commitment of J.M.B., 395 N.J. Super. 69, 94 (App. Div. 2007) (describing State's SVPA proofs to include expert witnesses who "both testified that the documents they relied on were commonly used by experts in the field of sex offender risk assessment"), aff'd, 197 N.J. 563 (2009); In re Civil Commitment of D.L., 351 N.J. Super. 77, 90 (App. Div. 2002) (noting that the State's SVPA case "generally consist[s] of extensive psychological or psychiatric testimony, as well as evidence of actuarial risk assessments"); J.P., 339 N.J. Super. at 451-55 (discussing the State's use of expert testimony and risk assessment tools at SVPA commitment hearing); In re Commitment of W.Z., 339 N.J. Super. 549, 559-60 (App. Div. 2001) (summarizing the State's SVPA commitment case to include the "results of several actuarial risk assessment instruments" "to get as much information as possible" on the individual), aff'd 173 N.J. 109 (2002). Thus, the testimony of experts and the risk assessment instruments on which they rely are often the pivotal proofs on the question whether the individual is highly likely to offend again.

17

C.

Against that backdrop, we consider whether the discovery available under Rule 4:10-1, Rule 4:17-1, and Rule 4:18-1 is consonant with the procedural framework that the Legislature prescribed in N.J.S.A. 30:4-27.29 and -27.30.

As N.J.S.A. 30:4-27.29 and -27.30 make clear, the Legislature intended that our courts conduct SVPA civil commitment hearings expeditiously. Although the person facing commitment may waive N.J.S.A. 30:4-27.29(a)'s twenty-day deadline for a hearing date as P.D. did in this matter, the Legislature clearly did not envision that the parties in SVPA civil commitment cases would take months to prepare for the court hearing. Indeed, such a protracted schedule would interfere with the annual review procedure set forth in N.J.S.A. 30:4-27.35.

The civil discovery that P.D. seeks pursuant to Rule 4:10-1, Rule 4:17-1, and Rule 4:18-1 would extend the pre-hearing period far beyond its intended parameters. Absent a court order limiting discovery, Rule 4:10-1 authorizes a civil litigant to

> obtain discovery by one or more of the following methods: Depositions upon oral examination or written questions; written interrogatories; production of documents or things; permission to enter upon land or other property, for inspection and other purposes;

18

physical and mental examinations; and requests for admissions. Unless the court orders otherwise under R. 4:10-3, the frequency of use of these methods is not limited.

Neither of the specific discovery devices that P.D. seeks to invoke can be utilized within the time frame that the Legislature prescribed. Rule 4:17-4 allows a party sixty days to answer interrogatories; the exception to that rule, uniform interrogatories in certain cases under Rule 4:17-1(b)(2), also allows for response periods far in excess of the SVPA's twenty-day pre-hearing period. Requests for production of documents served pursuant to Rule 4:18-1 must be responded to within thirty-five days of service. In civil cases, deadlines to respond to discovery are often extended, and a party's inquiry under one form of discovery may lead to months or years of additional discovery. The parties to an SVPA commitment hearing cannot proceed under Rule 4:10-1, Rule 4:17-1, and Rule 4:18-1, let alone use the other forms of discovery allowed under the civil rules, without delaying the hearing for months or even years.

In short, the civil rules that P.D. seeks to use, unmentioned in the SVPA, are incompatible with the Legislature's intent that SVPA civil commitment hearings take place on an expedited schedule. See N.J.S.A. 30:4-27.29 to -27.30. Accordingly, P.D. is not entitled to discovery pursuant to Rule 4:10-1,

Rule 4:17-1, Rule 4:18-1, or the other discovery devices available under the civil discovery rules.

## D.

We concur with P.D. that Rule 4:74-7 does not govern civil commitment proceedings under the SVPA. As the Appellate Division observed, "[Rule 4:74-7] predates the SVPA and by its terms it applies to civil commitments generally, incorporating the definitions in N.J.S.A. 30:4-27.2." In re Commitment of G.D., 358 N.J. Super. 310, 316 (App. Div. 2003). The limited discovery available under Rule 4:74-7 is focused on the terms of the general civil commitment statute, not that of the SVPA, and the Rule was not amended after the SVPA was enacted to apply to that statute.

## IV.

## A.

## 1.

Although a person facing an SVPA civil commitment hearing may not obtain discovery pursuant to the civil discovery rules, the SVPA does not relieve the State of any obligation to provide discovery in advance of the hearing. To the contrary, we consider limited and expeditious sharing of information by the State to be essential to the person's meaningful exercise of the "right to present evidence" and "right to cross-examine witnesses" in

20

defense of the State's application for civil commitment, as guaranteed by N.J.S.A. 30:4-27.31(c) and (d).[1]

We thus view the State's pre-hearing discovery obligation to consist of the exchange of two categories of information: (1) the production of documents in its possession, custody or control relating to the history and treatment of the person whose civil commitment is at issue; and (2) the service of expert reports that fully disclose the basis for the expert's opinion regarding the person's mental abnormality or personality disorder and the likelihood that the person will reoffend. See N.J.S.A. 30:4-27.26. We address each in turn.

2.

The State represented at oral argument that shortly after it initiates a proceeding for civil commitment pursuant to the SVPA, it immediately produces (1) all documents in its possession relating to the person's criminal history; (2) all documents in its possession relating to the person's incarceration; (3) all documents in its possession relating to the person's treatment, if any; and (4) all documents in its possession regarding the basis

---

[1] We base our holding on our construction of the SVPA, and do not reach the due process claims raised by P.D. See D.Y., 218 N.J. at 379 ("[W]e strive to avoid reaching constitutional questions unless required to do so." (quoting Comm. to Recall Menendez v. Wells, 204 N.J. 79, 95 (2010))); Randolph Town Ctr., L.P. v. County of Morris, 186 N.J. 78, 80 (2006) ("Courts should not reach a constitutional question unless its resolution is imperative to the disposition of litigation.").

21

for civil commitment. The State indicated that it does not withhold documents within those categories on relevance grounds.

In combination with disclosures concerning the State's experts, those enumerated categories of documents enable a person facing an SVPA commitment hearing to present evidence and counter the State's proofs. Those documents go to the heart of the State's burden of proof by clear and convincing evidence; they address the State's assertion that the person has been convicted of a sexually violent offense, the question of a mental abnormality or personality disorder, and the prospect that the person will recidivate. See N.J.S.A. 30:4-27.26; R.F., 217 N.J. at 173.

3.

The State's experts' reports should fully disclose the substance and foundation of the expert's opinion in advance of the hearing. The report, in combination with the expert's CV, should set forth the expert's qualifications to render the opinion. The report should contain a complete statement of the expert's opinion regarding the need for civil commitment of the person in question, and the basis for that opinion. The expert should state any diagnosis relevant to the opinion and explain the basis for each diagnosis. The expert should identify any risk assessment instrument used in the evaluation of the person involved. If the expert has utilized a risk assessment instrument that

has been deemed reliable and admissible in a decision by this Court or the Appellate Division, the report need not generally establish the reliability of that risk assessment instrument. However, the expert must identify any risk assessment instrument used in the particular case, address any relevant static and dynamic factors, and summarize any findings with respect to the likelihood that the person will reoffend. See generally R.S., 173 N.J. at 137 (noting that an expert may rely on "actuarial as well as clinical information when formulating an opinion concerning future dangerousness").

An individual subject to civil commitment who contends that the State's expert report is deficient may challenge that report under the net opinion rule or other relevant grounds. The net opinion rule "mandates that experts 'be able to identify the factual bases for their conclusions, explain their methodology, and demonstrate that both the factual bases and the methodology are reliable.'" Townsend v. Pierre, 221 N.J. 36, 55 (2015) (quoting Landrigan v. Celotex Corp., 127 N.J. 404, 417 (1992)).

4.

In a given case, the person subject to civil commitment may seek discovery other than the discovery described above in order to exercise the right under N.J.S.A. 30:4-27.31 to present evidence and cross-examine witnesses. Such additional discovery must be sought in a motion filed with the

trial court on notice to the State, on a showing of exceptional circumstances. The court, in its discretion, may enter an order granting or denying the person's application to take such additional discovery.

B.

As noted, no current court rule addresses the discovery that the State should provide to a person facing civil commitment under the SVPA. We exercise our rulemaking authority to promulgate a rule limited to pre-hearing discovery by the individual subject to civil commitment under the SVPA.

The following rule shall be effective for SVPA proceedings thirty days after the date of this decision:

> Discovery by a Person Subject to Involuntary Commitment Pursuant to the Sexually Violent Predator Act
>
> > (a) Any rule, regulation or policy of confidentiality notwithstanding, a person subject to involuntary commitment pursuant to the New Jersey Sexually Violent Predator Act, N.J.S.A. 30:4-27.24 to -27.38, and the person's counsel, shall have the right to inspect and copy the following documents, no later than ten days before the court hearing with respect to the issue of continuing need for involuntary commitment as a sexually violent predator:
> >
> > > 1. all documents in the possession, custody or control of the State relating to the person's criminal history;

24

2. all documents in the possession, custody or control of the State relating to the person's incarceration;

3. all documents in the possession, custody or control of the State relating to the person's treatment, if any;

4. all documents in the possession, custody or control of the State relating to the basis for the State's application for the person's civil commitment pursuant to N.J.S.A. 30:4-27.29 to -27.32;

5. if the person is subject to an annual review hearing pursuant to N.J.S.A. 30:4-27.35, all documents in the possession, custody or control of the State relating to the person's treatment and conduct while committed to a facility designated for the custody, care and treatment of sexually violent predators;

6. names and addresses of each person whom the State expects to call at the civil commitment court hearing as an expert witness, the expert's qualifications, and a copy of the expert's report. In the expert's report, the expert shall state the opinion, explain the basis for that opinion, identify any diagnosis relevant to the opinion and the basis for that diagnosis, identify any risk assessment instrument that the expert has used in the evaluation of the person, explain the

25

manner in which the risk assessment instrument was used in the particular case, address any relevant static and dynamic factors, and summarize any findings with respect to the likelihood that the person will engage in acts of sexual violence if not confined to a secure facility for control, care and treatment.

(b) If the person whom the State seeks to civilly commit pursuant to the SVPA seeks discovery in addition to the discovery set forth above, the person must proceed by motion on notice to the State, which shall be granted only on a showing of exceptional circumstances

V.

The trial court's decision denying P.D.'s application for discovery pursuant to <u>Rule</u> 4:10-1 is affirmed, and the matter is remanded to the trial court for proceedings consistent with this opinion.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in JUSTICE PATTERSON's opinion.

26