891 A.2d 1202

RANDOLPH TOWN CENTER, L.P., PLAINTIFF–APPELLANT,
v. COUNTY OF MORRIS, DEFENDANT–RESPONDENT.

Argued January 18, 2006—Decided February 27, 2006.

*Lawrence S. Berger* argued the cause for appellant (*Berger & Bornstein,* attorneys; *Ruth M. Meyer,* on the brief).

*William F. Johnson, Jr.* argued the cause for respondent (*Ronald Kevitz,* Morris County Counsel and *Michael E. Hubner,* Special Morris County Counsel, attorneys).

PER CURIAM.

The facts of the case are set forth in detail in the Appellate Division opinion. *Randolph Town Ctr., L.P. v. County of Morris,* 374 *N.J.Super.* 448, 864 *A.*2d 1191 (App.Div.2005). Briefly, defendant, County of Morris, claimed that it had established a prescriptive easement to drain water through a culvert under Sussex Turnpike onto property owned by plaintiff, Randolph Town Center. Randolph, in turn, contended that the drainage made planned commercial development infeasible, and constituted an inverse condemnation. At trial, the judge, without objection, charged that the period necessary to establish an easement by prescription is twenty years. A judgment was rendered in the County's favor and Randolph appealed, challenging the denial of a directed verdict; the order barring evidence of a 1983 written easement; the refusal to permit the jury to consider its claim of inverse condemnation; and the determination of a twenty-year prescriptive easement period.

In a published opinion, the Appellate Division reversed and remanded the case for a new trial. *Id.* at 452, 864 *A.*2d 1191. In so doing, the panel assumed, without deciding, that based on the record before it, a thirty-year prescriptive period is applicable because the property is neither "woodlands or uncultivated" and contains the remnants of buildings or other improvements. *Id.* at 455, 864 *A.*2d 1191; *see J & M Land Co. v. First Union Nat'l Bank,* 166 *N.J.* 493, 518–19, 766 *A.*2d 1110 (2001) (holding prescriptive easement period established by analogy to thirty-year adverse possession period "excepting woodlands or uncultivated tracts" to which sixty-year period applies).

The Appellate Division went on to rule that "neither the passage of that period nor its interruption was established at trial as a

matter of law." *Randolph Town Center, supra,* 374 *N.J.Super.* at 455, 864 *A.*2d 1191. In addition, the panel determined that Randolph should be allowed to proffer evidence regarding the existence of a 1983 easement over the subject property to prove a break in the chain of adversity or for any other legitimate purpose so long as the jury is instructed accordingly. *Id.* at 455–56, 864 *A.*2d 1191. The panel also affirmed the trial judge's denial of Randolph's motion for a directed verdict, concluding that the County offered sufficient evidence of open and notorious use to survive such a motion. *Id.* at 456, 864 *A.*2d 1191. Finally, the panel determined that the right to compensation for a taking ceases once a possessory interest such as a prescriptive easement has been established. *Id.* at 458, 864 *A.*2d 1191.

 Randolph filed a petition for certification, which we granted. 184 *N.J.* 209, 876 *A.*2d 283 (2005). The sole issue presented is whether a governmental entity can acquire a prescriptive easement over private property without providing just compensation. At oral argument, both parties asked us to vacate the Appellate Division decision regarding inverse condemnation as premature in light of the pending trial. We agree. Courts should not reach a constitutional question unless its resolution is imperative to the disposition of litigation. *In re New Jersey Am. Water Co., Inc.,* 169 *N.J.* 181, 197, 777 *A.*2d 46 (2001); *O'Keefe v. Passaic Valley Water Comm'n,* 132 *N.J.* 234, 240, 624 *A.*2d 578 (1993); *Donadio v. Cunningham,* 58 *N.J.* 309, 325–26, 277 *A.*2d 375 (1971). That is not the case here. Indeed, the difficult inverse condemnation issue presented could be rendered moot by the new trial. Therefore, without resolving its correctness, we vacate as premature that portion of the Appellate Division opinion that decided the inverse condemnation issue. In all other respects, the judgment of the Appellate Division is affirmed.

*For affirmance in part, vacation in part*—Chief Justice PORITZ and Justices LONG, LaVECCHIA ZAZZALI, ALBIN, WALLACE and RIVERA–SOTO—7.

*Opposed*—None.