**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0768-16T4

IN RE N.J.A.C. 6A:8
STANDARDS AND ASSESSMENT

_____

Argued October 29, 2018 – Decided December 31, 2018

Before Judges Messano, Gooden Brown and Rose.

On appeal from the adoption of amended regulations at N.J.A.C. 6A:8, Standards and Assessment by the New Jersey State Board of Education.

Jessica A. Levin argued the cause for appellants Latino Action Network, Latino Coalition of New Jersey, Paterson Education Fund, Education Law Center and NAACP New Jersey State Conference (Education Law Center, attorneys; American Civil Liberties Union of New Jersey, attorneys; Jessica A. Levin, of counsel and on the joint briefs; David G. Sciarra, on the briefs; Edward L. Barocas, of counsel and on the brief; Jeanne LoCicero and Alexander Shalom, on the joint brief).

Kathryn E. Duran, Deputy Attorney General, argued the cause for respondents New Jersey State Board of Education and Kimberley Harrington, Acting Commissionier, New Jersey Department of Education (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Kathryn E. Duran, on the brief).

PER CURIAM

Appellants, Education Law Center (ELC), Latino Action Network (LAN), Latino Coalition of New Jersey, Paterson Education Fund, and NAACP New Jersey State Conference, challenge amendments to N.J.A.C. 6A:8, proposed by respondent Department of Education (DOE) and adopted by respondent State Board of Education (the Board). We provide some background.

I.

Enacted in 1979, the Proficiency Standards and Assessments Act (the Act), N.J.S.A. 18A:7C-1 to -16, requires DOE and the Board to "establish a program of standards for graduation from secondary school," including "a statewide assessment test in reading, writing, and computational skills . . . ." N.J.S.A. 18A:7C-1. The test must "measure those basic skills all students must possess to function politically, economically and socially in a democratic society." N.J.S.A. 18A:7C-6.1.

The Act originally mandated that beginning in 1981, the test "be administered to all ninth grade pupils and to all other high school pupils who ha[d] previously failed to demonstrate mastery of . . . graduation proficiency standards . . . ." N.J.S.A. 18A:7C-6 (1988). Local boards of education were

required to provide remedial instruction to students who do not meet the State proficiency standards by the end of tenth grade.  N.J.S.A. 18A:7C-3 (1988).

In 1988, the Legislature amended the Act to provide that the test "be administered to all [eleventh] grade pupils and to any [eleventh] or [twelfth] grade pupil who ha[d] previously failed to demonstrate" proficiency.  N.J.S.A. 18A:7C-6.  Local boards of education must now provide remedial instruction to students who do not meet the State proficiency standards by the end of eleventh grade.  N.J.S.A. 18A:7C-3.  "Any [twelfth] grade student who does not meet" the "State and [school] district examination standards for graduation[,]" but "has met all the credit, curriculum and attendance requirements shall be eligible for a comprehensive assessment of said proficiencies utilizing techniques and instruments" approved by the Commissioner of Education, "other than standardized tests."  Ibid.

The Board adopted the Core Curriculum Content Standards (CCCS) in 1996.  These were baseline standards that local school districts must follow in formulating curricula in nine subject areas, essentially defining the elements of what is taught in New Jersey's public education system.  See New Jersey

3

<u>Learning Standards</u>.[1] School districts began administering the High School Proficiency Assessment (HSPA) to eleventh-grade students in the 2001-02 school year. <u>Your Guide to the HSPA</u>.[2] The HSPA was designed to assess mastery of CCCS standards for English language arts (ELA) and mathematics. <u>Ibid.</u> Students who failed the ELA or math components of the HSPA could take them again in order to pass. <u>Id.</u> at 4. In addition, these students could demonstrate proficiency through the Alternative High School Assessment (AHSA) process, which did not involve standardized testing. <u>Ibid.</u>; <u>see</u> N.J.S.A. 18A:7C-3.

Following the 2008 issuance of a report by the New Jersey High School Redesign Steering Committee, the Board adopted in 2010 Common Core State Standards (CCSS) in mathematics and ELA.[3] <u>Historical Context: Overview of</u>

---

[1] STATE OF N.J., DEP'T OF EDU., https://www.state.nj.us/education/cccs (last visited Dec. 20, 2018). Throughout our opinion, we take judicial notice of undisputed facts pursuant to N.J.R.E. 202(b).

[2] STATE OF N.J., DEP'T OF EDU. 1, https://nj.gov/education/assessment/hs/hspa_guide_english.pdf (last visited Dec. 14, 2018).

[3] See <u>NJ steps Re-Designing Education in New Jersey for the 21st Century</u>, THE N.J. HIGH SCH. REDESIGN STEERING COMM., https://dspace.njstatelib.org/xmlui/bitstream/handle/10929/22628/e242008a.pdf?sequence=1&isAllowed=y (last visited Dec. 14, 2018).

A-0768-16T4

New Jersey's Statewide Testing Program.[4]  The same year, the State joined the Partnership for Assessment of Readiness for College and Careers (PARCC) Consortium, a national group formed to "collaboratively develop[] a common set of assessments to measure student achievement of the [CCSS] and preparedness for college and careers."[5]  Ibid.

From November 2014 through November 2016, a study commission, established pursuant to former Governor Chris Christie's Executive Order No. 159, conducted meetings and received input from educators, parents, students, and community representatives regarding the CCCS, CCSS, PARCC; and, more generally, the use and effectiveness of assessments in determining whether

---

[4]     STATE     OF     N.J.,     DEP'T     OF     EDUC., https://nj.gov/education/assessment/history.shtml (last visited Dec. 14, 2018).

[5]  In 2014, the DOE issued a memorandum to school districts mandating new proficiency assessment requirements utilizing PARCC tests for students in the 2016, 2017, and 2018 graduating classes.  See David C. Hespe, Graduation Requirements Class of 2016, 2017 and 2018, STATE OF N.J., DEP'T OF EDU. (Sept. 30, 2014), https://www.aclu-nj.org/files/8314/4130/5113/2015_09_01_GrdReq.pdf (last visited Dec. 14, 2018).  ELC filed an appeal alleging these graduation standards were adopted in violation of the Administrative Procedure Act (APA).  T.B. v. N.J. Dep't of Educ., No. EDU-1732-2015N, Settlement Agreement 1, http://www.edlawcenter.org/assets/files/pdfs/Newsblasts/T.B.%20Settlement%20Agreement.pdf (last visited Dec. 14, 2018).  In a settlement agreement dated May 6, 2016, the DOE conceded the APA violation.  Id. at 1-2.

A-0768-16T4

students have mastered required subjects.  Study Commission on the Use of Student Assessments in New Jersey: Final Report.[6]  In its January 2016 final report, the study commission concluded that the PARCC tests offered several advantages.  The study commission also recommended that DOE require all public school students in grades three through twelve take the PARCC end-of-course tests for every course in which they were enrolled.  Id. at 12, 17.  It recommended that the HSPA be replaced by the PARCC ELA 10[7] and Algebra I exams as the graduation proficiency assessment "at least for the initial years of implementation" of the new PARCC-based education standards.  Id. at 17.  The commission stated that through 2020, students should also be permitted to demonstrate graduation-level proficiency in ELA and math through substitute standardized tests like the PSAT, SAT, ACT, and other exams administered by third parties, if they desired.  Ibid.  However, beginning with the 2020 class, students "should be required to take the PARCC [end-of-course] assessments in

---

[6]    STATE  OF  N.J.  4,  18-19  (Jan.  1,  2016), https://www.state.nj.us/education/archive/studycommission/FinalReport.pdf (last visited Dec. 14, 2018).

[7]   The numbered ELA test refers to the grade in which students take the equivalent course.  ELA 10 is administered in tenth grade.

courses in which they are enrolled -- without having to achieve a prescribed score -- before they can access the alternative assessments for high school graduation." Ibid. The commission concluded that beginning in 2021, passing scores on end-of-course PARCC tests should be required for graduation. Ibid.

In 2016, the Board proposed regulatory revisions to N.J.A.C. 6A:8 to "implement[] the . . . []CCCS[] and the statewide assessment system," and reflect "adoption of the . . . []PARCC[] assessments." 48 N.J.R. 736(a). ELC representatives testified before the Board, and, along with ACLU-NJ, ELC submitted written comments opposing the amendments. The Board adopted the amendments in August 2016, effective September 6, 2016. See 48 N.J.R. 1790(b).

Under the new regulations, "all students [must] demonstrate proficiency in the high school end-of-course PARCC assessments in ELA 10 and Algebra I, or through alternative means," in order to graduate. N.J.A.C. 6A:8-5.1(a)(6). In transitioning to the new PARCC assessment system, for the 2016, 2017, 2018 and 2019 graduating classes, "students who did not take both the ELA 10 and the Algebra I end-of-course PARCC assessments[,] or who [took them] but [did] not achieve a passing score on both," may satisfy the graduation proficiency requirements by: 1) passing a "substitute competency test" in either or both

areas; 2) passing another relevant end-of-course PARCC test "including ELA 9, ELA 11, Geometry, or Algebra II;" or 3) meeting the criteria of a "portfolio appeals process." N.J.A.C. 6A:8-5.1(f)(1).

N.J.A.C. 6A:8-1.3 defines "[s]ubstitute competency test" as "an alternative set of third-party assessments approved by the Commissioner, including, but not limited to the SAT, PSAT, ACT, ACT-Aspire, ASVAB-AFQT, or Accuplacer . . . ." The regulations define "[p]ortfolio appeals process" as "an alternative assessment of proficiency for graduation established by the Commissioner, utilizing techniques and instruments other than PARCC assessments or substitute competency tests." Ibid.

Students in the 2020 graduating class must "take all applicable high school end-of-course PARCC assessments for all courses in which they are enrolled," but if they do not pass both the ELA 10 and Algebra I assessments, they may also demonstrate graduation proficiency through one of the alternative options available in prior years. N.J.A.C. 6A:8-5.1(f)(2). Beginning with the 2021 graduating class, students must take all applicable end-of-course PARCC assessments for all courses in which they enroll. N.J.A.C. 6A:8-5.1(g). A student who does not pass the ELA 10 and Algebra I exams by the end of his or her senior year "after multiple opportunities to take [them]," may satisfy the

graduation requirements only through the portfolio appeals process; no substitute competency tests are available.  Ibid.

Efforts by the Legislature to invalidate the regulations have failed.  See Commc'ns Workers of Am. v. N.J. Civ. Serv. Comm'n, 234 N.J. 483, 493 (2018) (describing constitutional procedure whereby the Legislature may invalidate a rule or regulation).  In November 2016, the Assembly introduced a concurrent resolution determining that the revised regulations were "inconsistent with the intent of the Legislature."  Assemb. Con. Res. 215, Gen. Assemb., 217th Leg. (N.J. 2016).  With the Senate's concurrence, the Assembly resolved:

> 3.  The State Board of Education, pursuant to Article V, Section IV, paragraph 6 of the Constitution of the State of New Jersey, shall have 30 days following transmittal of this resolution to amend or withdraw the adopted regulations or the Legislature may, by passage of another concurrent resolution, exercise its authority under the Constitution to invalidate the regulations.
>
> [Ibid.]

Concurrent Resolution 215 passed the Assembly on March 16, 2017, and was referred to the Senate Education Committee, which has taken no further action.

<u>See</u> Assemb. Con. Res. 215, N.J. STATE LEG.[8]  The Legislature has failed in 2018 to enact legislation or adopt another concurrent resolution.

II.

Appellants argue the regulations are contrary to the Act's express language requiring a single comprehensive assessment examination, by way of a test administered to students in the eleventh grade, with opportunities to retake the test and access to alternative assessments.  They further contend the regulations violate the Education Clause of the New Jersey Constitution, <u>N.J. Const.</u> art. VIII, § 4, ¶ 1, and the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49.

We recognize that "[j]udicial review of agency regulations begins with a presumption that the regulations are both valid and reasonable . . . ." <u>Hackensack Riverkeeper, Inc. v. N.J. Dep't of Envtl. Prot.</u>, 443 N.J. Super. 293, 302 (App. Div. 2015) (quoting <u>N.J. Ass'n of Sch. Adm'rs v. Schundler</u>, 211 N.J. 535, 548 (2012)).  "[W]e must give great deference to an agency's interpretation and implementation of its rules enforcing the statutes for which it is

---

[8]  https://www.njleg.state.nj.us/bills/bills0001.asp (last visited Dec. 14, 2018) (follow "Bill Number" hyperlink; then search by bill number 215; then follow "ACR215" hyperlink).

10

responsible." Ibid. (alteration in original) (quoting In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 478, 488-89 (2004)).

"It has been a longstanding principle that 'the grant of authority to an administrative agency is to be liberally construed . . . to enable the agency to accomplish its statutory responsibilities.'" In re Adoption of N.J.A.C. 17:1-6.4, 17:1-7.5 & 17:1-7.10, 454 N.J. Super. 386, 395 (App. Div.), certif. denied, ___ N.J. ___ (2018) (quoting N.J. Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 562 (1978)). "[A] challenger must 'demonstrat[e] an inconsistency between the regulation and the statute it implements, a violation of policy expressed or implied by the Legislature, an extension of the statute beyond what the Legislature intended, or a conflict between the enabling act and other statutory law that cannot be harmonized.'" Hackensack Riverkeeper, 443 N.J. Super. at 302 (second alteration in original) (quoting N.J. Ass'n of Sch. Adm'rs v. Cerf, 428 N.J. Super. 588, 596 (App. Div. 2012)). "While findings of ultra vires actions are disfavored, '[o]ur role is to enforce the will of the Legislature' because '[s]tatutes cannot be amended by administrative fiat.'" In re Agric., Aquacultural, & Horticultural Water Usage Certification Rules, 410 N.J. Super. 209, 223 (App. Div. 2009) (alterations in original) (citations omitted). "[I]f the regulation is plainly at odds with the statute, we must set it aside." In re

11

<u>Freshwater Wetlands</u>, 180 N.J. at 489.  The challenging party bears the burden of proof.  <u>Ibid.</u>

Courts may also invalidate a regulation if it "violates . . . constitutional principles . . . ."  <u>George Harms Constr. Co. v. N.J. Tpk. Auth.</u>, 137 N.J. 8, 27 (1994).  "[A] statute or regulation is facially unconstitutional only if the constitution is necessarily violated every time the law is enforced.  That comports with the settled notion that a regulation or statute will be construed to avoid constitutional defects if it is reasonably susceptible of such a construction."  <u>Ran-Dav's Cty. Kosher, Inc. v. State</u>, 129 N.J. 141, 174-175 (1992) (Stein, J., dissenting) (citations omitted).

## A.

We first consider appellants' contentions that the regulations conflict with the plain language of the Act, which is "the best indicator of legislative intent."  <u>In re Adoption of N.J.A.C. 17:1-6.4</u>, 454 N.J. Super. at 396 (citing <u>DiProspero v. Penn</u>, 183 N.J. 477, 492 (2005)).  "If the plain language of the statute is clear and 'susceptible to only one interpretation[,]' then the [c]ourt should apply that plain-language interpretation."  <u>Smith v. Millville Rescue Squad</u>, 225 N.J. 373, 390 (2016) (first alteration in original) (quoting <u>DiProspero</u>, 183 N.J. at 492).

Appellants argue that administration of the PARCC ELA 10 test, by its nature an end-of-course exam for tenth grade students, and the Algebra I test, which may be taken in any high school year or even earlier,[9] is contrary to the Legislature's expressed intent that a proficiency exam be administered to all eleventh grade pupils. DOE objects to this "purely temporal requirement" and contends that eleventh grade, as used in the Act, means "an [eleventh] grade proficiency level," which a given student may reach during any grade.

N.J.S.A. 18A:7C-6 mandates the graduation proficiency test "shall be administered to all [eleventh] grade pupils and to any [eleventh] or [twelfth] grade pupil who has previously failed to demonstrate mastery of State graduation proficiency standards on said test." N.J.S.A. 18A:7C-6.1 further directs the DOE Commissioner to develop "the graduation proficiency test to be administered to all [eleventh] grade pupils . . . ." The plain language of the enabling statute mandates the test be administered to students in the eleventh grade.

---

[9] The PARCC State Summary Report from the DOE indicates that a majority of students take the Algebra I exam in eighth or ninth grade. See PARCC Spring State Summary Report, Algebra I SY 2015-2016, STATE OF N.J., DEP'T OF EDU., https://www.nj.gov/education/schools/achievement/16/parcc/spring/AlgebraI.pdf (last visited Dec. 18, 2018).

Any doubt of the Legislature's intent is resolved by looking at the Act's legislative history. From its enactment in 1979 until 1988, N.J.S.A. 18A:7C-6 explicitly required that the test be administered to students in the ninth grade. L. 1979, c. 241, § 6. In 1988, the Legislature amended this provision to require administration of the test in the eleventh grade. L. 1988, c. 168, § 3. "An amendment to an act may be resorted to for discovery of legislative intent in the enactment amended." Borough of Matawan v. Monmouth Cty. Bd. of Taxation, 51 N.J. 291, 299 (1968) (citing Wallenstein v. Hartford Accident & Indem. Co., 21 N.J. Misc. 378, 384 (Sup. Ct. 1943)).

Before invalidating any regulation, however, we are obliged to look beyond the plain language of "one provision in a large statutory scheme," and "consider the entire enabling legislation . . . to ascertain if there is in fact sufficient underlying authority [for a regulation]." In re Adoption of N.J.A.C. 17:1-6.4, 454 N.J. Super. at 396 (alteration in original) (quoting In re N.J.A.C. 7:1B-1.1, 431 N.J. Super. 100, 119 (App. Div. 2013)). We must also examine the policy the Legislature sought to achieve by passing the Act. Ibid.

DOE cites N.J.S.A. 18A:7C-6.4 and -6.5, both of which the Legislature enacted after DOE adopted the PARCC assessments. Both statutes define "[s]tate assessment" as "an assessment required pursuant to State or federal law

and administered to all students in a specific grade level or subject area and whose results are aggregated for analysis . . . ." DOE argues the Legislature signaled its intention to test proficiencies at grade levels, not necessarily pupils enrolled in eleventh grade.

The argument is unpersuasive. The ELA10, administered as an end-of-course test in the tenth grade, does not test eleventh grade proficiency. The Algebra I test has no connection to proficiencies at a specific grade level. Moreover, these two provisions are not inconsistent with the plain language of the Act, i.e., that DOE administer the graduation proficiency test "to all [eleventh] grade pupils," N.J.S.A. 18A:7C-6, and the legislative purpose of the Act. We hold, therefore, that to the extent the regulations required testing of non-eleventh-grade students, they are contrary to the Act and are invalid.

Appellants next assert that the amended regulations impermissibly impose multiple end-of-course tests instead of a single graduation exam as the Act requires. DOE counters by arguing the Act permits administration of tests "for these subject areas when courses are completed — which may occur at different times."

The Act does not specifically use the words "single" or "comprehensive" to describe the required graduation proficiency test. However, N.J.S.A.

18A:7C-1 directs the DOE and Board to develop "a [s]tatewide assessment test in reading, writing, and computational skills . . . ." (Emphasis added). N.J.S.A. 18A:7C-6 states that "the State graduation proficiency test" shall be administered to eleventh grade pupils. (Emphasis added). N.J.S.A. 18A:7C-2 similarly includes the phrase, "[s]atisfactory performance on the [s]tatewide assessment test . . . ." (Emphasis added). The Legislature's use of these terms suggests its intent to require one high school graduation proficiency exam rather than multiple end-of-course exams.

Respondents assert that even the HSPA was not administered on a single day. While that is true, prior to adopting the amendments, DOE stated that the PARCC tests would be taken as students are taught the course's content, and that students are allowed to take them "at their own pace." Implicitly, administering the tests in this manner thwarts the Legislature's intent that "a" test be administered to eleventh grade pupils.

We do not intend to micromanage the administration of the proficiency examination mandated by the Act. What standardized test(s) DOE decides to use, and whether local school districts must administer the examination in a consecutive multi-day sitting, as they did with the HSPA, is not for us to decide.

However, the regulations violate the Act to the extent they specifically authorize multiple tests administered in grades other than the eleventh grade.

We also agree with appellants that for classes graduating through 2020, the regulations do not provide for re-testing utilizing the same proficiency examination. In addition to requiring that the test be administered to all eleventh grade pupils, N.J.S.A. 18A:7C-6 provides that it must be administered to "any [eleventh] or [twelfth] grade pupil who has previously failed to demonstrate mastery of State graduation proficiency standards on said test." This evinces the Legislature's intent that students be given more than one opportunity to pass the same proficiency test.

N.J.A.C. 6A:8-5.1(f)(1) and (2) do not reference any opportunity for students graduating through 2020 to retake the PARCC ELA 10 and Algebra I exams. Rather, students who have not taken or have failed those tests can demonstrate graduation proficiency only through alternative methods: a substitute test like the SAT, passing scores on other PARCC assessments, or the portfolio review.

DOE disputes whether students who fail either of the two PARCC examinations are unable to retake the test, citing publicly available information demonstrating blocks of testing throughout the year. See Updated Statewide

Assessments Testing Schedule 2017-2018.[10] Appellants assert that the calendar for PARCC exams lists testing dates only for first-time test takers and not for "re-testing."

Based on the record before us, it is unclear whether re-testing opportunities are routinely being provided for students. To the extent they are not, the regulations on their face violate N.J.S.A. 18A:7C-6. Furthermore, because we have already held the administration of multiple tests to pupils other than those in eleventh grade violates the Act, N.J.A.C. 6A:8-5.1(f)(1) and (2) as adopted are invalid.

By contrast, N.J.A.C. 6A:8-5.1(g) states that for classes graduating in 2021 and beyond, a student who has not passed the ELA 10 and Algebra I tests by the end of twelfth grade "after multiple opportunities to take the assessments" may demonstrate proficiency through a portfolio review. (Emphasis added). In this case, the regulation implies an opportunity for retesting using the designated PARCC exams beginning with the 2021 class, and, if that practice is actually followed, the regulation would not violate the Act, assuming re-testing involves "a" proficiency test originally administered to eleventh-grade pupils.

---

[10] STATE OF N.J., DEP'T OF EDU., https://www.state.nj.us/education/assessment/20172018TestingCalendar.pdf (last visited Dec. 18, 2018).

Lastly, appellants assert that the regulations fail to provide access to mandated alternative assessments for students in the 2020 graduating class and beyond. They contend that N.J.A.C. 6A:8-5.1(f)(2) permits only students who participate in PARCC end-of-course testing to demonstrate proficiency through alternative means. According to appellants, conditioning "alternative pathways" to graduation "on participation in PARCC" violates the Act.

The plain language of N.J.S.A. 18A:7C-3 establishes that any twelfth grade student who has not passed the graduation proficiency exam, but who has satisfied all other "credit, curriculum and attendance requirements shall be eligible for" an alternative proficiency assessment "utilizing techniques and instruments" adopted by DOE "other than standardized tests . . . ." We do not construe the Act as prohibiting DOE's adoption of PARCC testing; rather, the Act compels DOE to provide for alternative methods of assessing proficiency other than through PARCC testing or any other standardized testing process.

## III.

Our conclusion regarding these specific provisions of the regulations strips the entire regulatory scheme contained in N.J.A.C. 6A:8-5.1, "Graduation Requirements," of any meaningful enforcement. We therefore decline the opportunity to address appellants' constitutional argument as to whether DOE's

use of "substitute competency tests" administered by private third parties as alternative options to demonstrate proficiency violates our Constitution. Our courts have "time and again . . . held that [we] 'should not reach a constitutional question unless its resolution is imperative to the disposition of litigation.'" Comm. to Recall Robert Menendez From the Office of U.S. Senator v. Wells, 204 N.J. 79, 141 (2010) (quoting Randolph Town Ctr., L.P. v. Cty. of Morris, 186 N.J. 78, 80 (2006)).

Appellants' LAD claim is premised on the assumption that permitting the use of any fee-based alternative standardized test will have a disparate impact upon minority students and English language learners (ELLs), defined by the regulations as "person[s] who [are] in the process of acquiring English and [have] a first language other than English." N.J.A.C. 6A:8-1.3. Appellants rely upon publicly available data that African-American, Latino and ELL students are more likely to be eligible for free or reduced-price lunches. They reason that these lower income minority or ELL students are less likely to be able to afford the costs associated with these third-party examinations.

To establish a prima facie case of disparate impact, a party "must show that a facially neutral policy 'resulted in a significantly disproportionate or adverse impact on members of the affected class.'" Gerety v. Atl. City Hilton

20

Casino Resort, 184 N.J. 391, 399 (2005) (quoting United Prop. Owners Ass'n of Belmar v. Borough of Belmar, 343 N.J. Super. 1, 47 (App. Div. 2001)). The party "must establish actual discriminatory impact; raising an inference is insufficient." United Prop. Owners, 343 N.J. Super. at 47 (citing Pfaff v. U.S. Dep't of Hous., 88 F.3d 739, 745 (9th Cir. 1996)). On the sparse record before us, we cannot conclude appellants have met their burden.

IV.

We hold N.J.A.C. 6A:8-5.1(a)(6), -5.1(f) and -5.1(g) are contrary to the express provisions of the Act because they require administration of more than one graduate proficiency test to students other than those in the eleventh grade, and because the regulations on their face do not permit retesting with the same standardized test to students through the 2020 graduating class. As a result, the regulations as enacted are stricken. To avoid disruption in any ongoing statewide administration of proficiency examinations, we sua sponte stay our judgment for thirty days to permit DOE to seek further review in the Supreme Court. See, e.g., In re N.J.A.C. 12:17-2.1, 450 N.J. Super. 152, 173 (App. Div. 2017).

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0768-16T4