# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2571-23

IN THE MATTER OF
REGISTRANT D.F.

_____

Argued April 30, 2025 – Decided July 16, 2025

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. ML-13-09-0070.

Michael Ross Noveck, Deputy Public Defender, argued the cause for appellant D.F. (Jennifer N. Sellitti, Public Defender, attorney; Michael Ross Noveck, of counsel and on the briefs).

Angela Kristine Halverson, Assistant Prosecutor, argued the cause for respondent State of New Jersey (Esther Suarez, Hudson County Prosecutor, attorney; Angela Kristine Halverson, of counsel and on the brief).

PER CURIAM

Megan's Law[1] Registrant D.F.[2] appeals from a March 15, 2024 Law Division order classifying him as a Tier Two offender. Defendant pled guilty to armed robbery and kidnapping of two adults and a two-year old child. Those crimes were committed in 1999. The Megan's Law registration requirement applies to certain persons who have been convicted of a "sex offense" which includes "kidnapping . . . if the victim is a minor and the offender is not the parent of the victim." N.J.S.A. 2C:7-2.

While D.F. acknowledges that he was convicted of the Megan's Law form of kidnapping, he argues applying Megan's Law registration and tiering requirements to him violates his right to substantive due process under Article I, Paragraph I of the New Jersey Constitution because his offense did not involve sexual acts perpetrated against the child. He also reasons the child victim had not been "target[ed]" but rather was in the "wrong place at the wrong time" by merely being present at the time of the armed robbery. D.F. asserts that

[1] Megan's Law is a collection of statutes governing the registration of certain predatory offenders, N.J.S.A. 2C:7-1 to - 5, and community notification requirements for certain offenders, N.J.S.A. 2C:7-6 to - 11. See In re Registrant J.G., 169 N.J. 304, 309 (2001).

[2] We use initials to preserve the confidentiality of records related to child victims of sexual assault or abuse. R. 1:38-3(c)(9).

2

requiring him to register as a sex offender in these circumstances lacks a rational basis. In the alternative, he argues that the Registrant Risk Assessment Scale (RRAS) that is used to guide the tiering classification process is not designed to address non-sexual kidnapping cases like this one. Aside from his as-applied constitutional challenge, D.F. asks us to reclassify him as a Tier One offender, or, in the alternative, to allow him to provide a psychosocial evaluation to augment the RRAS score.

It is well-settled that appellate courts should "strive to avoid reaching constitutional questions unless required to do so." Comm. to Recall Robert Menendez From the Off. of U.S. Senator v. Wells, 204 N.J. 79, 95 (2010). See also Randolph Town Ctr., L.P. v. Cnty. of Morris, 186 N.J. 78, 80 (2006) ("Courts should not reach a constitutional question unless its resolution is imperative to the disposition of litigation."). In the unusual circumstances presented in this case, we see no need to reach D.F.'s substantive due process argument and instead remand the matter to allow him to present a psychosocial evaluation to supplement the RRAS score that was used in determining whether he should be classified as a Tier One or Tier Two offender.

We presume the parties are familiar with the pertinent facts and therefore there is no need in this opinion to detail them. As we have noted, the Megan's

A-2571-23

Law notification requirement clearly applies to persons convicted of kidnapping a child if the defendant is not the parent of the minor kidnapping victim, regardless of whether the defendant sexually assaulted the child. As we recently noted in State v. C.C.W., "[w]hen the Legislature chooses to define a term used throughout a statute, that definition takes precedence over the common and ordinary meaning of that term. Thus, to the extent a statutory definition is either broader or narrower than a term's common understanding, the statutory definitional language governs." ___ N.J. Super. ___, ___ (App. Div. 2025). We also stress that nothing in N.J.S.A. 2C:7-2(b)(2)'s text requires that the victim have been "targeted," as defendant now contends. It is sufficient that D.F. was duly convicted of kidnapping someone else's child.

The gravamen of defendant's argument is that his criminal conduct falls outside the heartland of Megan's Law. We are not persuaded that matters for purposes of complying with the law's strict registration requirements. While Megan's Law is commonly associated with sexual predation of children, the plain language of the statute makes clear that kidnapping a child requires registration and tiering notwithstanding the defendant does not commit an act of sexual penetration or contact. We decline to disregard the literal terms of the statue. See State v. J.V., 242 N.J. 432, 442-43 (2020) ("To determine the

4

Legislature's intent, we look to the statute's language and give those terms their plain and ordinary meaning . . . because 'the best indicator of that intent is the plain language chosen by the Legislature[.]'" (quoting Johnson v. Roselle EZ Quick LLC, 226 N.J. 370 386 (2016))).

Our focus thus turns from the text of the statute to the RRAS System developed to inform tiering decisions. See In re C.A., 146 N.J. 71 (1996) (upholding the RRAS). Much of the social science that undergirds the RRAS system was based on studies of sex offenders. Id. at 105-06. In the present circumstances, we believe a trial court performing tiering analysis would benefit from an individualized professional assessment of the risk that D.F. would reoffend. We note the State is correct when it argues that D.F. "had four months to obtain an expert prior to the oral argument on his Heartland argument, but chose not to request time to do so until the court forecasted its decision to reject his argument." However, the State's appeal brief does not respond to D.F.'s argument that the RRAS was not designed to deal with this situation. We therefore accept D.F.'s alternate argument and remand the matter to provide him an opportunity to submit a psychosocial evaluation to be considered by the trial court on reconsideration as part of the totality of circumstances relevant to the tiering decision.

A-2571-23

We offer no opinion on whether D.F. should be classified as a Tier One or Tier Two offender. We add that while we do not reach D.F.'s substantive due process argument, consideration of any such individualized professional assessment of the risk that D.F. poses to the community may have a bearing on the merits of any as-applied constitutional challenge he may raise.

Remanded for proceedings consistent with this opinion. We instruct the parties to provide the trial court with their appellate submissions. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2571-23