**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3984-23

KENNETH SHEA and
CATHERINE ANN SHEA,

     Plaintiffs-Appellants/
     Cross-Respondents,

v.

ROMO DIPOPOLO and
DOLORES ANN DIPOPOLO,

     Defendants-Respondents/
     Cross-Appellants.

_____

     Submitted October 16, 2025 – Decided March 30, 2026

     Before Judges Berdote Byrne and Jablonski.

     On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. C-000057-23.

     Piro Zinna Cifelli Paris & Genitempo, LLC, attorneys for appellants/cross-respondents (Kristen Jones, of counsel and on the briefs).

Schenck Price Smith & King, LLP, attorneys for respondents/cross-appellants (Gary F. Werner, of counsel and on the briefs).

PER CURIAM

Plaintiffs Kenneth Shea and Catherine Ann Shea appeal from a final order denying a prescriptive easement over the property of defendants Remo DiPopolo[1] and Dolores Ann DiPopolo in Florham Park. Since their purchase of the property on December 10, 2003, plaintiffs have accessed their home using a horseshoe-shaped driveway, which connects to Columbia Turnpike at both ends. A portion of the western end of the driveway cuts through defendants' property. Plaintiffs sued for declaratory judgment, stating they were entitled to a prescriptive easement over that portion of the driveway. Following a bench trial, the trial court found plaintiffs were not entitled to a prescriptive easement because defendants also used the disputed portion of the driveway, which meant plaintiffs' use was not "exclusive," as required for a claim of adverse possession.

Because the trial court analyzed plaintiffs' claim pursuant to the law of adverse possession rather than the elements of prescriptive easements, we are constrained to vacate and remand for proper application of the prescriptive easement standard.

---

[1] Improperly pleaded as "Romo DiPopolo."

2

A-3984-23

## I.

We summarize the following facts from the trial testimony and exhibits. Plaintiffs purchased their home at 111 Columbia Turnpike in 2003. At the time of the closing, a survey indicated a portion of the home's driveway ran onto the edge of defendants' property located at 113 Columbia Turnpike, which was then a vacant lot. The house at 111 Columbia was built in 1981. An aerial photograph indicates the driveway (including the portion on defendants' property) has existed since April 19, 1990. When plaintiffs purchased the home, the driveway was made of gravel, but plaintiffs paved the driveway between 2005 and 2007.

Plaintiffs used the driveway continuously until 2021, when defendants sent a letter asking plaintiffs to cease using the portion of the driveway on 113 Columbia. Thereafter, defendants erected a fence that barred plaintiffs' access to the disputed portion of the driveway.

Defendants purchased 113 Columbia in 2001. It remained vacant until 2016, when defendants moved into a newly built home on the property. At the time of the purchase in 2001, they also owned a property abutting the rear of 113 Columbia (Brooklake). Remo redeveloped Brooklake between 2004 and 2005. During the construction, Remo, his son, and one of Remo's employees

3

used the disputed portion of the driveway on 113 Columbia to park and transfer construction equipment to Brooklake.

## II.

We apply a deferential standard of review to the factual findings of the trial court on appeal from a bench trial.  See Nelson v. Elizabeth Bd. of Educ., 466 N.J. Super. 325, 336 (App. Div. 2021).  A trial court's findings will not be disturbed unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice."  Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974) (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)).  "The trial court's factual findings are entitled to deference on appeal so long as they are supported by sufficient credible evidence in the record."  Accounteks.Net, Inc. v. CKR Law, LLP, 475 N.J. Super. 493, 503 (App. Div. 2023).  However, we owe no deference to the trial court's interpretation of the law and its application of the law to the facts.  Ibid.

The trial court relied on the elements of adverse possession in denying plaintiffs a prescriptive easement for the driveway.  However, plaintiffs did not seek to own the land in fee simple, but rather obtain an easement over a specific portion of the driveway.  Easement claims are analyzed pursuant to a different

4

body of law.  See Restatement (Third) of Prop.: Servitudes § 2.17 cmt. a. (A.L.I. 2000) (Restatement) ("Whether a property interest is claimed by adverse possession or prescription makes a difference in the requirements that must be met and in the nature of the interest acquired.").

An easement is "a nonpossessory incorporeal interest in another's possessory estate in land, entitling the holder of the easement to make some use of the other's property."  Leach v. Anderl, 218 N.J. Super. 18, 24 (App. Div. 1987).  Easements may be created by an express conveyance, implication, or prescription.  Ibid.

The parties do not dispute the absence of an express conveyance.  An implied easement is also not applicable, as the record shows that the properties never shared a common owner.  Thus, to establish a prescriptive easement, a plaintiff must demonstrate its use of the property is "adverse or hostile, exclusive, continuous, uninterrupted, visible[,] and [open and] notorious." Baker v. Normanoch Ass'n, 25 N.J. 407, 419 (1957).  The plaintiff must prove these elements by a preponderance of the evidence.  Plaza v. Flak, 7 N.J. 215, 222 (1951).  "Open" use means the "use is not secret."  Yellen v. Kassin, 416 N.J. Super. 113, 121 (App. Div. 2010).  "Notorious" use denotes the "use is actually known to the owner, or is widely known in the neighborhood."  Ibid.

A-3984-23

(quoting Restatement, § 2.17 cmt. h). Additionally, the claimant must show the adverse and open or notorious use continued for thirty years. Id. at 120, 122. However, pursuant to the doctrine of tacking, the claimant may combine the years of use with those of their predecessors in interest. See Plaza, 7 N.J. at 222-23 (combining "plaintiff's use and that of his predecessors in title"); Leach, 218 N.J. Super. at 29. Although the claimant bears the burden of proving the required elements of a prescriptive easement, the adversity element is presumed if the claimant "shows open, continuous, uninterrupted, exclusive use for the prescriptive period." Plaza, 7 N.J. at 222.

Although the legal elements for prescriptive easements and adverse possession are similar in many respects, the doctrines impose a materially different standard specifically as to the exclusivity requirement. To obtain title by adverse possession, the plaintiff must use the property exclusively and it cannot be shared with anyone, including the owner of the property in fee simple. See Raritan Engine Co. No. 2 v. Mayor & Council of Edison Twp., 184 N.J. Super. 159, 166 (App. Div. 1982); 16 Richard R. Powell, Powell on Real Property § 91.06 (Michael Allan Wolf ed., 2007) ("[A]dverse possession must be exclusive of the true owner such that the owner must be excluded from

6

possession by the claimant. Possession that is concurrent with that of the true owner is never exclusive." (footnote omitted)).

By contrast, in the prescriptive-easement setting, the claimant's use may be shared with the record owner and still meet the exclusivity requirement as that term is used under this analysis. See Randolph Town Ctr., L.P., v. Cnty. of Morris, 374 N.J. Super. 448, 454 n.4 (App. Div. 2005), vacated on other grounds, 186 N.J. 78 (2006) (per curiam) (explaining the exclusivity requirement as used in the prescriptive easement context "means only that the user have acted independently of the rights claimed by others, such as the general public"); Bioletti v. Sindoni, 135 N.J. Eq. 609, 616 (Ch. 1944) ("[T]he requirement of 'exclusive' . . . does not mean that the complainants shall have been the sole users . . . but simply that the individual right shall not depend for its enjoyment upon a similar right in others . . . ."); Restatement § 2.17 cmt. g ("The exclusivity requirement is most often applied to deny prescriptive rights to one whose use is indistinguishable from uses being made by the general public.").

Plaza v. Flak, the seminal prescriptive-easement case in New Jersey, makes clear that shared use of the disputed property with the record owner does not defeat a prescriptive-easement claim. 7 N.J. at 220 ("[T]he general rule to

be drawn from the authorities is that where adjoining proprietors lay out a way or alley between their lands, each devoting some portion of this premises to that purpose, and such area is used for the prescriptive period by the respective owners or their successors in title, neither can obstruct or close that portion of the area which is within the boundary of his own land. The mutual use of the whole of such alley or way will be considered adverse to a separate or exclusive use by either.").

Plaza involved neighboring homes with a five-foot alleyway between them that was bisected by the property line. Id. at 218. The disputed area was "used in common as an alleyway by the owners and tenants of both properties until . . . the defendants erected a fence on the boundary line in the approximate center of the area." Ibid. The Supreme Court concluded the plaintiff had demonstrated his entitlement to a prescriptive easement in the portion of the alleyway on his neighbor's property. Id. at 222-23. And because the entire alleyway was shared, the Court held the defendants had a prescriptive easement over the plaintiff's portion of the alleyway. Id. at 223.

Here, plaintiffs did not seek title of the driveway through adverse possession. Rather, their complaint sought only a prescriptive easement over a portion of it. Accordingly, the trial court erred in concluding Remo DiPopolo's

use of the disputed portion of the driveway rendered plaintiffs' claim non-exclusive and therefore required denial of a prescriptive easement. Plaintiffs' use was independent of any rights claimed by others, as they exercised it as owners of the neighboring property for ingress and egress to their property, and did not depend on any similar right held by defendants nor the general public. See Randolph Town Ctr., 374 N.J. Super. at 454 n.4.

Because the trial court did not address the remaining elements, we decline to do so, and remand for proper application of the prescriptive easement standard. We therefore decline to address defendants' cross appeal challenging the "temporary easement," and the denial of the trespass counterclaim.

The order dated July 8, 2024, is vacated and this matter is remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

9