**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2240-23

THOMAS TRABOCCO,

    Plaintiff-Appellant,

v.

VERIZON COMMUNICATIONS,
INC., and FIRSTENERGY CORP.
doing business as JERSEY
CENTRAL POWER & LIGHT,
INC.,

    Defendants-Respondents.

_____

Argued September 8, 2025 – Decided September 19, 2025

Before Judges Natali, Walcott-Henderson and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2838-22.

Christina Vassiliou Harvey argued the cause for appellant (Lomurro Munson, LLC, attorneys; Christina Vassiliou Harvey, of counsel and on the briefs; Andrew Broome, on the briefs).

Thomas M. Crino argued the cause for respondent Verizon New Jersey, Inc. (Goldberg Segalla, LLP, attorneys; Thomas M. Crino, of counsel and on the brief).

Stephen A. Rudolph argued the cause for respondent FirstEnergy Corp. (Rudolph Kayal & Almeida, Counselors at Law, PA, attorneys; Stephen A. Rudolph, on the brief).

PER CURIAM

Plaintiff Thomas Trabocco appeals from the entry of five orders resulting in the dismissal of his complaint against defendants Verizon Communications Inc., (Verizon) and FirstEnergy Corporation d/b/a/ Jersey Central Power & Light (JCP&L).[1] Plaintiff, a homeowner, sued defendants alleging trespass and nuisance claims related to a utility pole located in his backyard. Before us, plaintiff contends the court improperly granted summary judgment in favor of defendants and denied his motion for reconsideration. We affirm.

---

[1] Plaintiff's case information statement and notice of appeal indicate he is appealing from orders dated November 8, 2023, January 22, 2024, and three separate orders dated March 1, 2024, denying reconsideration and awarding defendants sanctions, cost and fees. Before us, however, plaintiff does not address the issues of attorney's fees, costs and sanctions. The failure to brief an issue constitutes waiver of that issue. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2025). We therefore decline to consider any challenge to awarding defendants sanctions, cost and fees.

A-2240-23

Plaintiff, a resident of Rumson, purchased the subject property in 1982 and constructed a single-family home. Some forty years later, on October 17, 2022, plaintiff filed a four-count complaint alleging defendants Verizon and JCP&L installed a utility pole, cable and internet transmitting equipment on his property, constituting trespass, a nuisance, and "dangerous hazard . . . to his guests and invitees." Plaintiff further alleged defendants removed and replaced his good quality fencing with substandard fencing sometime in 2021 or 2022. His complaint sought removal of the subject utility pole and wires from his property and replacement of his fence.

Nearly one year later, defendants moved to compel plaintiff to provide discovery in the form of more specific answers to interrogatories and request for admissions. The motion was unopposed. The court granted defendants' motion and ordered plaintiff to provide more specific answers to requests for admissions within fourteen days of the date of the order. Plaintiff did not comply with the discovery order.

While JCP&L's motion to dismiss was pending, JCP&L moved for summary judgment, arguing that Verizon is the owner of the subject pole. On November 3, 2023, the court granted JCP&L's motion to dismiss the complaint without prejudice for failure to provide court ordered discovery, prior to the

A-2240-23

discovery end date.[2]  Again, no opposition was filed.  Plaintiff did not move to extend the discovery end date or to reinstate his complaint.

Similarly, Verizon cross-moved for summary judgment and in its statement of material facts acknowledged ownership of the subject utility pole, identified by pole number pursuant to their Pole Record System, and noted the pole was installed in 1978.  Thomas Young, Senior Manager – Outside Plant, Network Engineering for Verizon, certified that according to company records, the pole has never been relocated, removed or replaced.  Plaintiff opposed defendants' summary judgment motions.

On January 19, 2024, the court granted defendants' respective motions for summary judgment, issuing two separate orders and dismissing all claims in plaintiff's complaint.  In its oral decision, the court stated, defendants assert "the subject pole was not moved to plaintiff's back yard in 2021 or 2022 but the pole has been in the same location since 1978."  Plaintiff failed "to produce any evidence, including alleged identified surveys or even a certification . . . to support [his] assertions," or "any documentary evidence in support of his assertion that the location of the pole changed and his certification discovery

---

[2]  The motion to dismiss is not included in the record before us.

A-2240-23

responses conflict with each other and with the complaint." It explained, plaintiff produced a photograph from his insurance provider dated 2021 showing the "pole was located on the property in the same location that the defendants allege the pole existed since 1978." The court reasoned that "no genuine issue of material fact has been raised as to the location of the utility pole" and found plaintiff's attempts to create a genuine dispute of fact had failed because "[s]elf-serving assert[ion]s unsupported by documentary proof in their dominion and control are insufficient to create a genuine issue of material fact."

Plaintiff moved for reconsideration, attaching a newly offered expert report: a one-page email prepared by Richard Arik Sevy, of Sevy Electrical, L.L.C, and a certification authored by plaintiff. Defendants opposed the motion and cross-moved for frivolous litigation fees and costs.

The court denied plaintiff's motion for reconsideration and granted in part defendants' cross-motions for sanctions related to plaintiff's frivolous pleadings under Rule 1:4-8(a), counsel fees and costs. The court found "[p]laintiff has failed to comply with Rule 4:9-2 governing motions for reconsideration and failed to identify any basis to disturb its decision[.]" The court further granted in part defendants' cross-motions for frivolous pleading sanctions and awarded "counsel fees and costs related to opposing [p]laintiff's motion for

reconsideration."  The court's statement of reasons noted that "[p]laintiff knew or should have known that his pleadings, or at a minimum his motion for reconsideration, was without any reasonable basis."  Additionally, as to JCP&L, the court concluded it "was clear . . . that even viewing the evidence in a light most favorable to [p]laintiff as the nonmoving party, there was no basis for which to oppose [d]efendants' motion for summary judgment as they did not own the utility pole in question."

This appeal followed.

I.

Represented by new counsel before us, plaintiff asserts the court erred in: (1) granting summary judgment as it did not make findings as to the five required elements for a prescriptive easement; (2) granting summary judgment because it failed to address plaintiff's claim for an injunction; (3) failing to consider plaintiff's claim for nuisance; and (4) denying reconsideration.  He further asserts, defendants "entered his property, added a guy wire to a utility pole, and replaced part of his fence with inferior fencing."[3]

---

[3] Plaintiff defines a guy wire as "a suspension cable that in this case extends approximately six feet into his yard from the utility pole located at [plaintiff]'s fence."

We note that plaintiff's arguments as to prescriptive easement, injunctions, and nuisance were not raised before the motion court, and thus, we need not address them. State v. Dangcil, 248 N.J. 114, 132 n.4 (2021) (citing State v. Galicia, 210 N.J. 364, 383 (2012)). Although we may consider allegations of errors or omissions not brought to the trial judge's attention if it meets the plain error standard under Rule 2:10-2, we frequently decline to consider issues that were not raised below or not properly presented on appeal when the opportunity for presentation was available. Unless an issue (even a constitutional issue) goes to the jurisdiction of the trial court or concerns matters of substantial public interest, the appellate court will generally not consider it. J.K. v. N.J. State Parole Bd., 247 N.J. 120, 138 n.6 (2021); Nieder v. Royal Indemnity Ins. Co., 62 N.J. 229, 234 (1973).

On the merits, applying the requisite standard of review, we reject plaintiff's arguments and affirm substantially for the reasons stated by the court in its oral decision on the motion for summary judgment and written statement of reasons accompanying the orders denying reconsideration. We address plaintiff's arguments seriatim.

II.

We review the disposition of a summary judgment motion de novo, applying the same standard used by the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). Like the trial court, we view whether "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting Brill, 142 N.J. at 540). If "the evidence 'is so one-sided that one party must prevail as a matter of law,'" courts will "not hesitate to grant summary judgment." Brill, 142 N.J. at 540 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

If there are materially disputed facts, the motion for summary judgment should be denied. Pantano v. N.Y. Shipping Ass'n, 254 N.J. 101, 115 (2023). "'A material fact is one which is really in issue in the case.'" State v. Buckley, 216 N.J. 249, 261 (2013) (quoting State v. Hutchins, 241 N.J. Super. 353, 359 (App. Div. 1990)). Courts must consider if the disputed fact is genuine or of "an insubstantial nature." Brill, 142 N.J. at 529. As such, a non-moving party will not be successful in defeating a motion for summary judgment "merely by

8

pointing to any underlying fact in dispute." Ibid. The opposing party must produce evidence that creates a genuine issue of material fact, and "[c]onclusory and self-serving assertions by one of the parties are insufficient to overcome the motion." Vizzoni v. B.M.D., 459 N.J. Super. 554, 567 (App. Div. 2019) (quoting Puder v. Buechel, 183 N.J. 428, 440-41 (2005)). "[S]elf-serving assertions, unsupported by documentary proof in their dominion and control, '[are] insufficient to create a genuine issue of material fact.'" Miller v. Bank of America Home Loan Servicing, L.P., 439 N.J. Super. 540, 551 (App. Div. 2015) (quoting Heyert v. Taddese, 431 N.J. Super. 388, 414 (App. Div. 2013)).

We are satisfied the court, on the sparse record before it, properly granted summary judgment in defendants' favor because plaintiff failed to present any genuine issue of material fact to defeat the motions. Importantly, plaintiff offers no proof to rebut defendants' evidence the subject pole has been in its present location since 1978, well beyond the thirty-year timeframe necessary to establish a prescriptive easement claim. "[T]he proponent of an easement by prescription must prove an adverse use of land that is visible, open and notorious for at least thirty years." Yellen v. Kassin, 416 N.J. Super. 113, 120 (App. Div. 2010) (citing Randolph Town Ctr., L.P. v. County of Morris, 374 N.J. Super. 448, 453-54 (App. Div. 2005), rev'd in part, 186 N.J. 78 (2006)).

A-2240-23

Plaintiff's self-serving assertions that the subject pole was not located on his property in 1978 or 1982 are belied by the competent evidence presented by defendants and proved insufficient to establish a genuine issue of material fact sufficient to defeat the summary judgment motions as "speculation does not meet the evidential requirements which would allow it to defeat a summary judgment." Merchants Express Money Order Co. v. Sun Nat'l Bank, 374 N.J. Super. 556, 563 (App. Div. 2005) (citing O'Loughlin v. National Comm. Bank, 338 N.J. Super. 592, 606-07 (App. Div. 2001), certif. denied, 169 N.J. 606, 782 (2001)).

Further, "the evidence [was] so one-sided that one party must prevail as a matter of law." Brill, 142 N.J. at 540 (quoting Anderson, 477 U.S. at 252). As noted, contrary to Rule 4:46-2(b), plaintiff provided unsupported and incompetent evidence supporting his contention the pole was installed in either 2021 or 2022, and failed to rebut the fact that Verizon records show a pole was openly and conspicuously placed on his property in 1978 or otherwise competently explain how a utility pole appeared on his property over forty years later, as confirmed by the photographs in the record. In sum, while the court did not address each element required for a prescriptive easement claim, summary judgment is proper because plaintiff failed to refute defendants' proofs as to the

10

date of installation of the subject pole.

### III.

We similarly reject plaintiff's contention the motion court erred by failing to address his claim for injunctive relief. More particularly, plaintiff contends the court failed to consider the proofs submitted that the guy wire was constructed sometime after November 2021. He asserts at some time between 2021 and 2022, "a utility guy wire was added and parts of [his] fence were removed." Thus, he maintains the court should have enjoined defendants' use of the easement because they have "[no] authority to place a dangerous guy wire" or replace his fence. Injunctive relief is available, "only when the proponent demonstrates that it has established the liability of the other party, the need for injunctive relief, 'and the appropriateness of such relief on a balancing of equities.'" Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cantone Research, Inc., 427 N.J. Super. 45, 63 (App. Div. 2012) (quoting Rinaldo v. RLR Inv., LLC, 387 N.J. Super. 387, 397 (App. Div. 2006)).

The maintenance performed by the owner of an easement must not extend beyond that which is "reasonably necessary" to enjoy the easement and must be done "in such reasonable manner as to avoid unnecessary increases in the burden upon the landowner." Tide-Water Pipe Co. v. Blair Holding Co., 42 N.J. 591,

11

604 (1964). Indeed, courts may enjoin use of an easement that is inconsistent with the grant thereof. Lidgerwood Estates v. Public Serv. Elec. & Gas Co., 113 N.J. Eq. 403, 406 (Ch. 1933).

Plaintiff's assertions that the guy wire was installed and the fence replaced—claims echoed by the procedurally-deficient "expert" report—are unfounded statements based solely on the fact that he did not install them himself. As plaintiff provided neither an analysis pertaining to defendants' liability before the court, nor a sufficient evidentiary basis for his contention that the guy wire was placed after November 2021, nor offered any other competent evidentiary material to rebut defendants' proofs, we are satisfied based on our de novo review that the court did not err dismissing plaintiff's request for injunctive relief or by failing to specifically address plaintiff's request.

IV.

Plaintiff next argues the court failed to analyze his nuisance and trespass claims prior to granting summary judgment. To prevail on a nuisance claim, plaintiff must show a legal cause of interference with another's private use and enjoyment of land that is either intentional and unreasonable, or unintentional but actionable as negligent or reckless, or for abnormally dangerous activities

A-2240-23

Ross v. Lowitz, 222 N.J. 494, 501-02 (2015). "[L]iability should not be imposed without proof of some negligence or unreasonable activity by the defendant." Burke v. Briggs, 239 N.J. Super. 269, 274 (App. Div. 1990) (citing Gellenthin v. J. & D., Inc., 38 N.J. 341, 352-53 (1962)). "Accordingly, '[l]iability for an invasion of interests in the use and enjoyment of land . . . depends upon the presence of some type of tortious conduct.'" Ross, 222 N.J. at 507 (quoting Restatement (Second) of Torts § 822 cmt. c (A.L.I. 1979)).

In his complaint, plaintiff asserted that the subject pole and "conduct of defendants . . . constitutes a nuisance." Plaintiff also contended the "conduct of the defendants has created a dangerous hazard[.]" Because plaintiff has failed to show an "[interference that is] intentional and unreasonable or result[s] from negligent, reckless or abnormally dangerous conduct," he fails to satisfy the elements to establish a private nuisance claim. Ross, 222 N.J. at 506-07 (quoting Restatement (Second) of Torts § 822 cmt. b (A.L.I. 1979)). As such, on this record, again applying our de novo review, we are satisfied the court did not err in granting summary judgment and dismissing plaintiff's complaint, including his nuisance count.

Plaintiff's trespass claim suffers from the same malady as the nuisance claim. To sustain a trespass claim or defeat defendants' motion for summary

13

judgment, the law requires competent evidence of intentional, reckless, or negligent conduct by defendants. "A defendant is liable in trespass for an 'intentional[]' entry onto another's land, regardless of harm." Ross, 222 N.J. at 510 (quoting Restatement (Second) of Torts § 158 (A.L.I. 1979)). A defendant is also liable if he "recklessly or negligently, or as a result of an abnormally dangerous activity enters onto another's land, and the entry causes harm." Id. Plaintiff's arguments are unavailing, as the presence of a utility pole in his backyard, installed before he purchased the property, does not constitute a trespass. The court's grant of summary judgment was therefore proper.

V.

We next turn to plaintiff's claim the court incorrectly denied reconsideration based on a palpably incorrect basis. We review the denial of a motion for reconsideration for an "abuse of discretion." Cummings v. Bahr, 295 N.J. Super 374, 389 (App. Div. 1996) (citation omitted). "A court abuses its discretion when its 'decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" State v. Chavies, 247 N.J. 245, 257 (2021) (quoting State v. R.Y., 242 N.J. 48, 65 (2020)). "'[A] functional approach to abuse of discretion examines whether there are good reasons for an appellate court to defer to the particular decision

14

at issue.'" R.Y., 242 N.J. at 65 (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). "When examining a trial court's exercise of discretionary authority, we reverse only when the exercise of discretion was 'manifestly unjust' under the circumstances." Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)).

Plaintiff maintains the trial court erred in denying the motion for reconsideration because his expert report and other belatedly submitted evidence demonstrated a genuine issue of material fact that would have precluded summary judgment. He further argues the trial court's basis for not considering the report was that discovery was over and the report could have been provided in opposition to the summary judgment motion. He avers that the summary judgment motion was filed after the dismissal of his complaint, without prejudice and maintains the Court Rules would have permitted him to complete discovery following reinstatement of his complaint.

Plaintiff, however, did not move to reinstate his complaint and the expert report consisting of a single page email to plaintiff dated January 23, 2024, following the close of discovery and grant of summary judgment. In the report,

Sevy opined that "the electrical pole that is on [plaintiff's] property has been placed there recently and was, in fact, not there from the original build of the home" and cited his reasoning. The court, however, found that plaintiff had not provided any justification for why the Sevy report could not have been provided prior to the close of discovery and the filing of defendants' summary judgment motion. The court concluded that plaintiff "failed to demonstrate why the [c]ourt, in the interest of justice, should consider [the] untimely evidence."

We have no quarrel with the court's reasoning and conclude reconsideration was not warranted. Reconsideration is not a vehicle to present new arguments or evidence that were available but not raised at the appropriate stage, nor is it intended to provide a party with a second opportunity to supplement the record after an adverse ruling. See Fusco v. Board of Educ. of City of Newark, 349 N.J. Super. 455, 462-63 (App. Div. 2002). Because the court determined plaintiff could have provided an expert report, and its other proofs, prior to its grant of summary judgment and did not without any justification, we discern no abuse of discretion by the court.

To the extent we have not specifically addressed any of the parties' arguments, it is because we have concluded they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We therefore affirm the

16

orders granting summary judgment in favor of defendants and denying reconsideration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division